## CONSOLIDATED RUBBER TIRE CO. v. FERGUSON.

(Circuit Court of Appeals, Second Circuit. December 12, 1910.)

### No. 63.

**1. COURTS (§ 274*)—FEDERAL COURTS—JURISDICTION—SUIT BY ASSIGNEE.**

Act Cong. March 3, 1875, c. 137, 18 Stat. 470, as amended by Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), provides that the federal Circuit Court shall have jurisdiction of civil suits, where the amount in controversy exceeds $2,000 exclusive of interest and costs, between citizens of states and citizens of foreign states and between citizens of different states, but that no such court shall take cognizance of any suit to recover the contents of any chose in action in favor of any assignee, unless such suit might have been prosecuted in such court to recover such contents if no assignment or transfer had been made. It also declares that no civil suit shall be brought before either of such courts against any person, or by any original process or proceeding in any other district than that whereof he is an inhabitant, but that when jurisdiction is founded only on the fact of diversity of citizenship and that the action is between citizens of different states, the suit shall be brought only in the district of the residence of the plaintiff or the defendant. *Held* that, where plaintiff, a citizen of New York, brought an action in the Circuit Court of the Southern district of New York, as assignee of a British corporation against defendant corporation, a citizen of New Jersey, the court had no jurisdiction to entertain the suit over defendant's protest.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. § 274.*]

**2. COURTS (§ 96*)—DECISIONS—EFFECT.**

That the Supreme Court denied a writ of prohibition to restrain the federal Circuit Court from taking jurisdiction of a suit by one as assignee of a foreign corporation in the Southern district of New York against a New Jersey corporation did not constitute a determination that the court had jurisdiction to entertain the suit over defendant's protest; the inference being that the writ was denied on the theory that since the question of jurisdiction should be determined on a writ of error to final judgment, extraordinary relief was unnecessary.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 96.*]

**8. COURTS (§ 324*)—FEDERAL COURTS—JURISDICTION—ASSIGNMENT OF CAUSE OF ACTION.**

Where it appears that a cause of action has been assigned in order to confer jurisdiction on a federal court, it is the court's duty to dismiss or remand a suit sua sponte.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 882, 884; Dec. Dig. § 324.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by William A. Ferguson, a citizen of New York, as assignee of the Reilloc Tyre Company, a British corporation, against the Consolidated Rubber Tire Company, a New Jersey corporation, to recover semiannual installments of royalty brought in the Circuit Court of the Southern District of New York. Judgment for plaintiff, and defendant brings error. Reversed, with instructions to dismiss.

See, also, 169 Fed. 888.

Charles W. Stapleton (J. E. Bowman, of counsel), for plaintiff in error.

Charles Stewart Davison (Henry W. Hardon and George W. Phillips, Jr., of counsel), for defendant in error.

Before COXE and WARD, Circuit Judges, and MARTIN, District Judge.

WARD, Circuit Judge. Ferguson, the plaintiff, a citizen of New York and assignee of the Reilloc Tyre Company, a British corporation, brought this action against the Consolidated Rubber Tire Company, a corporation of the state of New Jersey, upon an alleged agreement to pay a minimum royalty of $5,000 per annum in equal semiannual installments for an exclusive right to manufacture and sell under a patent for elastic tires for the year 1908 with an option to be exercised within that year of an exclusive right for the life of the patent. The defendant appeared specially to object to the jurisdiction of the court and moved to set aside the service of the summons. Its motion being overruled, the defendant, still protesting against the jurisdiction, answered. The jury rendered a verdict for the plaintiff and the defendant sued out a writ of error to the judgment entered thereon to this court.

The first question to be considered is that of jurisdiction. The act of March 3, 1875, c. 137, 18 Stat. 470, as amended in 1887 (Act March 3, 1887, c. 373, 24 Stat. 552) and 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), provides that the Circuit Courts of the United States shall have jurisdiction of all suits of a civil nature where the matter in dispute exceeds $2,000, exclusive of interest and costs, between citizens of states and citizens of foreign states and between citizens of different states, but that no such court shall take cognizance of any suit to recover the contents of any chose in action in favor of any assignee "unless such suit might have been prosecuted in such court to recover said contents if no assignment or transfer had been made."

The act also provides that:

"No civil suit shall be brought before either of said courts against any person or by any original process or proceeding in any other district than that whereof he is an inhabitant, but when the jurisdiction is founded only on the fact that the action is between citizens of different states suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

These provisions of the act are of course to be read together. All the statutory conditions are satisfied provided the plaintiff's assignor could itself maintain the action. The plaintiff's assignor, the British corporation, could not have brought suit in the Southern district of New York against the defendant, because it cannot be an inhabitant of any place outside of the state of New Jersey, which incorporated it. Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768. The cases relied upon by the plaintiff to the contrary were decided before the words "or in which he shall be found" were struck out of the act by amendment in 1887 and depended upon those words. Of course the privilege in question may be waived, but the defendant from the beginning has persistently claimed it.

It is said that the defendant applied for a writ of prohibition to the Supreme Court, which was denied, and therefore the jurisdiction of this court was sustained. This does not follow. No court will give extraordinary relief when it is unnecessary, as in this case, where any error in the interlocutory order denying the motion to set aside the service of the summons could be corrected upon writ of error to the final judgment.

The plaintiff next contends that the clause in question was only intended to prohibit fraudulent assignments made for the purpose of creating jurisdiction of the court. But the provision applies to assignments without reference to their intent. The assignee has only the qualifications of his assignor for the purpose of giving jurisdiction. Collusive assignments—that is, such as give the bare legal title only for the purpose of creating jurisdiction, arise in connection with assignments otherwise valid, as, for example, of foreign bills of exchange and choses in action payable to bearer made by corporations. When the fact appears that even such assignments are made collusively, it becomes the duty of the court under section 5 of the act to dismiss or remand the suit sua sponte.

It is contended finally that the court, having jurisdiction generally between aliens and citizens, the privilege might have been waived if the British corporation had brought suit, and therefore the provision as to assignees does not apply. We think this clause of the act cannot be nullified because of something which might have happened had no assignment been made. The general purpose of the provision is to restrict the jurisdiction of the Circuit Court. The judgment is reversed, with costs, and the court below directed to dismiss the complaint for want of jurisdiction.