H. J. DECKER, JR., & CO. v. SOUTHERN RY. CO.

(Circuit Court, N. D. Alabama, Northeastern Division. May 20, 1911.)

No. 1,804.

1. REMOVAL OF CAUSES (§ 26*)—CITIZENSHIP—CONSENT OF PARTIES.

An action in a state court by one nonresident citizen against another, relating to a matter of venue rather than of general jurisdiction, may be removed to the federal court for the district, only with the consent of both parties.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 26.*]

2. COURTS (§ 272*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

Where jurisdiction by a federal court depends on the diversity of state citizenship alone, the action may be instituted in the district of the residence of either party at the option of plaintiff, the provision limiting venue as applicable to the district of defendant's residence being for his benefit so that he may waive it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 811; Dec. Dig. § 272.*]

3. COURTS (§ 276*)—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

A plaintiff instituting a suit in the federal court of a district other than that of the residence of either of the parties, waives thereby the wrong venue and the provision authorizing venue in the district of his residence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

4. REMOVAL OF CAUSES (§ 105*)—ACT TO REMOVE INTO FEDERAL COURT—REMANDED TO STATE COURT—CONSENT OF PARTIES.

Where a plaintiff sues in a state court in a district other than the residence of either of the parties and defendant attempts to remove the case into the federal court for that district, he thereby consents to be sued in the federal court for that district, but plaintiff is entitled to remand to the state court unless he consents to the removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 215; Dec. Dig. § 105.*]

5. REMOVAL OF CAUSES (§ 12*)—ACTIONS BY ALIENS—RIGHTS OF DEFENDANT.

The provision requiring an action by an alien against a citizen to be brought in the court of the district where defendant is an inhabitant, is for the benefit of defendant alone, and an alien instituting a suit in a state court in a district in which defendant does not reside, may not complain because defendant removed the cause into the federal court for that district.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

6. COURTS (§ 321*)—JURISDICTION—CITIZENSHIP.

The grant of jurisdiction to the federal courts by Const. art. 3, § 2, and the judiciary act (Act March 3, 1911, c. 231, § 256, 36 Stat. 1160), of controversies between citizens of the United States and citizens and subjects of foreign states, includes suits against, as well as suits by, aliens.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 847–849; Dec. Dig. § 321.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**7. REMOVAL OF CAUSES (§ 11*)—GROUNDS—DIVERSITY OF CITIZENSHIP.**
Where an alien sues a citizen in a state court in the district of the citizen's residence, the citizen may not remove the cause to the federal court, unless a federal question is presented.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. § 11.*]

**8. REMOVAL OF CAUSES (§ 27*)—GROUNDS—DIVERSITY OF CITIZENSHIP.**
Where an alien sues a foreign corporation in a state court the corporation may remove the action to the federal court, the basis of removal being the existence of a controversy between an alien and a citizen.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 64–68; Dec. Dig. § 27.*]

Action by H. J. Decker, Jr., & Co. against the Southern Railway Company. On motion to remand to state court. Motion denied.

Percy, Benners & Burr, for plaintiff.
L. E. Jeffries, for defendant.

GRUBB, District Judge. This cause comes on to be heard upon a motion to remand to the state court. The plaintiffs are nonresident aliens, subjects of Great Britain, and the defendant, a corporation, organized under the laws of Virginia, doing business in Alabama. The suit was originally brought in a state court in Alabama. The basis of removal is the existence of a controversy between a citizen of this country and of a foreign state. The inquiry is whether a corporation organized under the laws of a state other than that of the forum can remove a cause brought against it by an alien from a state into a federal court.

[1] The Supreme Court's decisions have settled the rule that a cause instituted in a state court by a citizen of a state of the United States other than that of the forum against a citizen of such a state other than that of the forum, relating to a matter of venue rather than of general jurisdiction, can be removed with the consent of both parties, and only with such consent, into the federal court for that district. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, as qualified by In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; Western Loan Co. v. Butte Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Kreigh v. Westinghouse, 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984.

[2] In cases where jurisdiction depends upon diversity of state citizenship alone, the cause may be instituted in the district of the residence of either the plaintiff or defendant, at the option of the plaintiff. The provision limiting venue, so far as it applies to the district of the defendant's residence, is for the benefit of the defendant, and may therefore, be waived by defendant, alone.

[3] There is also a restrictive provision which was intended for the benefit of the plaintiff, viz., that authorizing venue in the district of the residence of the plaintiff. In causes instituted by a plaintiff in a federal court of a district other than that of either plaintiff or defendant's residence, the plaintiff, of course, waives the wrong venue by there instituting suit.

[4] In removal cases, however, this is not the case. If the plaintiff sues in a state court in a district other than that of his residence or that of his defendant's residence, and the defendant attempts to remove into the federal court for that district, while the defendant, by so doing, consents to be sued in the federal court of the wrong district, the plaintiff, unless by subsequent appearance, does not so consent, and is entitled to a remand into the state court. Choosing the venue of the state court in that district is held not to be a consent to the jurisdiction of the federal court of that district on removal, and, consequently, the plaintiff's consent, as well as that of defendant, is essential to jurisdiction.

[5] In cases where jurisdiction depends upon the fact that the plaintiff is an alien and defendant a citizen of a state of the United States, the provision as to venue is merely that the suit must be brought in the district in which the defendant is an inhabitant. This provision is clearly for the benefit of the defendant alone. The plaintiff, an alien, is presumed to have no interest in having venue laid in the district of the residence of the defendant, and the plaintiff's waiver is not necessary to give proper venue in a district other than that of the residence of defendant. The defendant's consent is alone essential for this purpose. An alien has no district of inhabitancy and an alien plaintiff is given no option as to venue as between the district of residence of plaintiff and that of the defendant as in cases where jurisdiction depends upon diversity of citizenship as between the states. An alien plaintiff is presumed to have no choice as to districts and no provision is therefore made in his favor as to venue in that respect. Consequently, an alien plaintiff who institutes a suit in a state court in a district in which defendant does not reside has no complaint because the defendant removes the cause into the federal court of that district; since the law confers on the alien plaintiff no privilege of selection as to districts. In cases of alien plaintiff, consent of the defendant to the venue is alone requisite, and such consent is implied in the institution by the defendant of the removal proceedings.

[6] Again, the grant of jurisdiction both by the Constitution article 3, § 2, and the present Judiciary Act (Act March 3, 1911, c. 231, § 256, 36 Stat. 1160) to the federal courts is of controversies between citizens of the United States and citizens and subjects of foreign states. The grant includes suits against as well as those instituted by aliens. If the restrictive provision as to venue applies to suits in which aliens are defendants, the jurisdiction of the federal courts in cases where aliens are defendants is destroyed, since it is not possible to institute a suit against an alien in the district of which he is an inhabitant. If the federal courts are thus deprived of jurisdiction in cases in which aliens are defendants, the result would be to open the doors of the federal courts to aliens, when suing, and to close them to our own citizens, when suing aliens. In order to prevent such a construction, the Supreme Court has held that the restriction as to venue has no application to cases in which aliens are defendants. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211.

[7] Applying this principle by analogy to removal cases, the right

of removal, except in cases presenting a federal question, is confined to nonresident defendants. If an alien sues a citizen in a state court in the district of the citizen's residence, the citizen cannot remove the case, not being a nonresident defendant.

[8] So, if the alien sues the citizen in a state court in a district other than that of his residence, if the restriction applies to the case of an alien plaintiff, the citizen cannot remove, without the consent of the alien plaintiff, because, it would not, in that case, be a suit that could be originally instituted in the federal court of that district. There would consequently be no case in which a citizen defendant could remove a suit brought against him by a nonresident alien, except with the consent of the alien. On the other hand, such an alien defendant, sued by a citizen in the state court of the district of the citizen's residence, could remove the suit into the federal court of that district, being a nonresident defendant and the suit being one that could properly be instituted in the federal court of that district, upon authority of the Hohorst Case. Thus the effect would be to open the courts for removal purposes to the alien defendant, sued by a citizen in the state court, and close them to the citizen defendant, when sued by an alien. The argument of the Supreme Court in the Hohorst Case, by analogy, forbids such a conclusion. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211; Barrow S. S. Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Barlow v. Chicago Ry. Co. (C. C.) 164 Fed. 766; Id., 172 Fed. 513; Iowa Gold Mining Co. (C. C.) v. Bliss, 144 Fed. 446.

The per curiam decision of the Supreme Court in the case entitled Matter of Tobin, Petitioner, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061 (memorandum opinion, without reasons assigned), seems conclusive, in view of its facts, of this question. This is the construction given this decision in other circuits. Fribourg v. Pullman Co. (C. C.) 176 Fed. 985; Bagenas v. Southern Pac. Co. (C. C.) 180 Fed. 891; Rones v. Katalla Co. (C. C.) 182 Fed. 947.

The motion to remand is denied, at cost of movant.