## HALL et al. v. GREAT NORTHERN RY. CO.

(District Court, D. Montana. July 17, 1912.)

No. 247.

1. COURTS (§ 270*)—FEDERAL JURISDICTION—ALIENS.
    The statute which prohibits suit in any federal court save that in the district whereof defendant is an inhabitant applies to suits by aliens, but not suits against them.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. § 270.*]

2. COURTS (§ 272*)—FEDERAL JURISDICTION—ALIENS—"CITIZEN."
    The federal statutes which provide that, when jurisdiction of a federal court is founded on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either plaintiff or defendant, does not apply to aliens.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 811; Dec. Dig. § 272.*
    For other definitions, see Words and Phrases, vol. 2, pp. 1164–1174; vol. 8, pp. 7602–7603.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. REMOVAL OF CAUSES (§ 26\*)—CAUSES NOT REMOVABLE.**

Under the statutes which fix the jurisdiction of federal courts, a case that could not be brought and maintained in such a court against defendant's objection cannot be removed and maintained therein against plaintiff's objections.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. § 26.\*]

**4. REMOVAL OF CAUSES (§ 26\*)—CAUSES NOT REMOVABLE.**

An action brought in a state court by alien citizens and residents against a citizen and resident of another state is not removable to the federal District Court over plaintiff's objection.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. § 26.\*]

**5. REMOVAL OF CAUSES (§ 26\*)—PURPOSE OF ACT.**

The purpose of the removal acts in giving the federal courts jurisdiction of controversies between citizens of different states or between citizens of one state and aliens was to secure a tribunal presumed to be more impartial than a court of the state in which one of the litigants resides.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 60–63; Dec. Dig. § 26.\*]

At Law. Action by Cassie E. Hall and another against the Great Northern Railway Company. On motion to remand to the state court. Motion granted.

L. Frank Brown and Sidney M. Logan, both of Kalispell, Mont., and Walsh & Nolan, of Helena, Mont., for plaintiffs.

Veazey & Veazey, of Great Falls, Mont., and Noffsinger & Walchli, of Kalispell, Mont., for defendant.

BOURQUIN, District Judge. This is a motion to remand. Plaintiffs are citizens and residents of Canada, and defendant is a citizen and resident of Minnesota, a corporation and common carrier owning and operating a railway in and through the county of Montana wherein the suit was commenced.

Plaintiffs contend that against their objections this court has no jurisdiction on removal, citing Mahopoulus v. Railway Co. (C. C.) 167 Fed. 169; Kamenicky v. Printing Co. (C. C.) 188 Fed. 400; Sagara v. Railway Co. (C. C.) 189 Fed. 222. Defendant contends to the contrary, citing Barlow v. Railway Co. (C. C.) 164 Fed. 765; Decker, Jr., & Co. v. Railway Co. (C. C.) 189 Fed. 224; Bogue v. Railway Co. (D. C.) 193 Fed. 728. The issue is one of venue, process, and objections to jurisdiction based thereon.

[1] While aliens are not within that provision of the statutes which prohibits bringing suit in any federal court save that in the district whereof defendant is an inhabitant, so far as suits against aliens are concerned, they are within it so far as suits by aliens are concerned. That is, an alien may be sued wherever valid service of process may be made on him, but he can sue a citizen only in the district whereof the latter is an inhabitant.

[2] The statutes also provide that, when jurisdiction is founded on the fact that the action is between citizens of different states,

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suit shall be brought only in the district of the residence of either the plaintiff or the defendant. This does not apply to aliens. In re Hohorst, 150 U. S. 660, 14 Sup. Ct. 221, 37 L. Ed. 1211; Railway Co. v. Gonzales, 151 U. S. 507, 14 Sup. Ct. 401, 38 L. Ed. 248. In any such case objections to suit in the wrong district may be waived by defendant, or by plaintiff on removal.

[3] By reason of the statutes aforesaid, it is settled law that a case that could not be brought and maintained in a federal court against defendant's objections, cannot be removed and maintained therein against plaintiff's objections. In re Moore, 209 U. S. 506, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164.

[4] Neither party hereto being citizens or residents of Montana, and plaintiffs objecting to this court's jurisdiction over them, it is clear in view of the law aforesaid that the case cannot be maintained herein. But defendant contends that to this rule of law there is an exception when an alien or nonresident citizen brings suit in a state court against a nonresident citizen, and in support thereof relies upon the reasoning and conclusions of the cases aforesaid cited by it. Said cases are "all fours" with this at bar (save that Bogue v. Railway Co., supra, involves merely diverse citizenship and not alienage), as are those cited by plaintiffs, but with all due respect for the learned judges that determined the former. I dissent therefrom, and concur with those who determined the latter. The argument in behalf of the exception claimed to said rule of law is, so far as alienage is concerned, that otherwise an alien is favored with a choice, denied to a citizen, of a forum, and that but for said exception a citizen is precluded from removal of any suit brought by an alien against him in a state court anywhere. To this it may be answered that like choice denied to defendants of a forum is the right of citizen plaintiffs in some causes within federal jurisdiction by reason of diverse citizenship, that Congress saw no necessity for removal in cases like this at bar and so made no provision therefor in the removal act, and that there is no right of removal save where given by said act. The exception claimed is not to be found in the removal act, and all attempts to establish it by construction are due to the supposed exigencies of the situation created by alien or nonresident litigants.

[5] The reason and object of the removal acts in conferring upon the federal courts "jurisdiction of controversies between citizens of different states of the Union, or between citizens of one of the states and aliens, was to secure a tribunal presumed to be more impartial than a court of the state in which one of the litigants resides." Steamship Co. v. Kane, 170 U. S. 111, 18 Sup. Ct. 526, 42 L. Ed. 964. This reason and object fail in cases like this at bar, and so their removal is not provided for. Congress doubtless believed that any state court to which an alien is willing to submit his cause against a citizen ought to be fully impartial and would suffice for the purposes of justice between them. The removal act itself furnishes trenchant argument against the exception claimed, in that in Judicial Code, § 34 (Act March 3, 1911, c. 231, 36 Stat. 1098 [U. S. Comp. St. Supp. 1911, p. 145]), section 644, R. S. (U. S. Comp. St. 1901,

p. 523), it expressly provides for the removal to the federal court of suits brought in state courts by aliens against certain nonresident citizens, not including nonresident defendants like the defendant in the case at bar, thus impliedly excluding removal in all other cases wherein alienage is material to federal jurisdiction and so excluding the case at bar. Expressio unius, etc. Of course, said section contemplates only certain cases within federal general jurisdiction by reason of alienage, for all other cases within said general jurisdiction, save those removable for diversity of state citizenship, when removable, are removable under like conditions by both aliens and citizens. It will be observed that, if the exception claimed exists, the cases expressly provided for in section 34 as well as all cases like this at bar would be removable by virtue of said exception, and without the aid of said section 34, which latter then would be unnecessary and more superfluous than a fifth wheel to a wagon. It is because none other of the removal statutes did provide for removal to the federal courts of any suits brought in state courts by aliens against nonresident citizens that Congress in section 34 provided therefor in such cases wherein the defendants are officers of the United States, doubtless believing it in furtherance of an impartial trial and necessary in such cases only.

In addition to the foregoing and in more particular and brief reference to the cases in support of the exception claimed, heretofore cited, Bogue v. Railway Co., supra, would seem clearly inconsistent with the decision of the Supreme Court in Railway Co. v. Gonzales, supra, and to which it makes no reference; for, while the former holds that a corporation of one state may be a resident within another and so suable in a federal court therein by a nonresident citizen (and by an alien if the principle be sound), in the latter the Supreme Court decided that for purposes of suit by an alien (and equally so by a citizen) the residence, habitat, and citizenship of a corporation are solely in the state of its incorporation, and in the federal district thereof wherein are its principal offices. Decker, Jr., & Co. v. Railway Co., supra, seems to go upon the theory that but for the exception the alien has a choice, denied to citizens, of a forum. The reason and object of removal deprives this theory of weight. Barlow v. Railway Co., supra, maintains the exception on the ground that, when an alien sues in a state court, he voluntarily subjects himself to the process of the federal court on removal; that is, in advance and in the state court he waives objections to the jurisdiction of the federal court on removal. But one cannot be held to waive an objection to jurisdiction over his person other than by appearing generally in the court claiming such jurisdiction, or therein giving some express consent or stipulation, and, it is believed, never in advance of the institution of proceedings in the court the jurisdiction of which is involved. For the foregoing reasons, this court has no jurisdiction over the plaintiffs, and the motion to remand is granted, with costs to plaintiffs.