## WATERMAN v. CHESAPEAKE & O. RY. CO.

### (District Court, D. New Jersey. October 25, 1912.)

**1. REMOVAL OF CAUSES (§§ 11, 26*)—CAUSES REMOVABLE—JUDICIAL CODE—CONSTRUCTION.**

Under Judicial Code (Act March 3, 1911, c. 231) §§ 24, 28, 51, 36 Stat. 1091, 1094, 1101 (U. S. Comp. St. Supp. 1911, pp. 135, 140, 150), providing for the removal of causes from state to federal courts, no cause may be removed that might not have been originally commenced in the federal court, and where jurisdiction depends solely on diversity of citizenship, only the court in the district in which either plaintiff or defendant resides obtains jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29-31, 60-63; Dec. Dig. §§ 11, 26.*]

**2. REMOVAL OF CAUSES (§ 34*)—FEDERAL COURTS—JURISDICTION—ASSIGNMENT.**

Where plaintiff claims as an assignee, the residence of the assignor, and not that of plaintiff, determines the question whether diverse citizenship exists, so as to justify a removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 76; Dec. Dig. § 34.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

At Law. Action by Frank N. Waterman against the Chesapeake & Ohio Railway Company. On motion to remand. Motion granted.

George Whitefield Betts, of New York City, for plaintiff.

McCarter & English, of Newark, N. J., for defendant.

RELLSTAB, District Judge. This suit was removed into this court from the Supreme Court of the state of New Jersey. The plaintiff is the assignee of a number of claims against the defendant. He is a citizen and resident of such state, but none of his assignors is. The defendant is a corporation of the state of Virginia, and not an inhabitant or resident of the state of New Jersey.

[1] The right to remove depends upon the construction to be given to sections 24 (granting original jurisdiction), 28 (limiting the causes that may be removed), and 51 (prescribing the court where suit is to be brought) of the act entitled "An act to codify, revise and amend the laws relating to the judiciary," approved March 3, 1911 (U. S. Comp. St. Supp. 1911, pp. 128, 135, 140, 150), which, so far as pertinent to the question here raised, provide:

Section 24. That—

"the District Courts shall have original jurisdiction as follows: First. Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and * * * is between citizens of different states. * * * No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 28. That any—

"suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

Section 51. That—

"no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Reading these sections together—the only way the legislative intent can be ascertained—it is apparent, first, that no cause may be removed that might not have been originally commenced in a federal court; second, that, where jurisdiction depends solely upon diversity of citizenship, only that court obtains jurisdiction in whose district either the plaintiff or defendant resides; and, third, that, when the plaintiff is an assignee, the particular court having cognizance of the suit is fixed, not by his place of residence, but by his assignor's. Under such interpretation, this suit cannot be heard in this court.

[2] The causes of action sued upon are founded upon express contracts between the assignors and the defendant for the carriage of freight, and the alleged breaches are the failure to carry out such contracts. The suit is, therefore, to recover on assigned choses in action, a term which includes all claims for damages for breach of contract or for torts connected therewith. Bushnell v. Kennedy, 9 Wall. 387, 390, 19 L. Ed. 736. As none of the assignors could have maintained this suit against the timely objection of the defendant, the plaintiff could not. What the plaintiff could not do, because of the lack of proper residential qualifications, the defendant cannot achieve, at least, without the former's consent. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873. (These cases though disapproved in part and qualified by Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. [N. S.] 392, are not affected as authorities in this regard.) Tierney v. Helvetia Swiss Fire Ins. Co. (C. C.) 163 Fed. 82; Cons. Rubber Tire Co. v. Ferguson, 183 Fed. 756, 106 C. C. A. 330.

The motion to remand is granted.