## OSTROM v. EDISON.

(District Court, D. New Jersey. July 27, 1917.)

1. REMOVAL OF CAUSES ⟨⟩14—COURT TO WHICH CAUSE MAY BE REMOVED—"PROPER DISTRICT."

In Judicial Code, § 28 (Act March 3, 1911, c. 231, 36 Stat. 1094 [Comp. St. 1916, § 1010]), providing for the removal of suits from a state court "into the District Court of the United States for the proper district" the words "proper district" must be construed in connection with other provisions of the Code, section 29 of which (Comp. St. 1916, § 1011) provides for the filing of the petition "for the removal of such suit into the District Court to be held in the district where such suit is pending," while sections 36 and 39 (Comp. St. 1916, §§ 1018, 1021) respectively provide for the retention of any attachment or sequestration of the defendant's estate obtained in the state court and for the issuance of a writ of certiorari to the state court commanding a return of the record in the suit and its proper enforcement. As so construed, section 28 does not authorize the

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

removal of a cause into a federal District Court other than that in whose territory the suit is pending.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Proper District.]

2. REMOVAL OF CAUSES ⬥⟫16—GROUNDS FOR REMOVAL.

The right to remove a suit from a state into a federal court is purely statutory, and the right must be clear. If doubtful, the cause should for that reason alone be remanded.

3. REMOVAL OF CAUSES ⬥⟫16—COURT TO WHICH CAUSE MAY BE REMOVED—RECIPROCAL RIGHTS OF PARTIES.

The rights of a plaintiff to bring and of defendant to remove a suit over which the federal and state courts have concurrent jurisdiction are not reciprocal; the fact that the plaintiff might have brought the suit in the federal court of a particular district does not give the defendant the right to remove it into that court.

At Law. Action by Archibald M. Ostrom against Thomas A. Edison. On motion to remand to state court. Motion granted.

Dos Passos Bros. and Chas. T. Cowenhoven, all of New York City (Cyril F. Dos Passos, of New York City, of counsel), for plaintiff.

Seibert, Paddock & Cochran, of New York City (Arthur F. Egner, of Newark, N. J., of counsel), for defendant.

RELLSTAB, District Judge. This suit is founded upon an assigned claim for commissions, exceeding in amount the sum of $3,000, and was begun in the Supreme Court of the state of New York held in the county of New York. The plaintiff is a citizen of said state and a resident of said county. The suit was removed to this court by the defendant, a citizen and resident of the state of New Jersey, after the state court refused to order such transfer. The plaintiff moves to remand the suit to the New York court "upon the ground that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the United States District Court for the District of New Jersey."

The claim was twice assigned. The original assignor is an alien residing in New York City, and the plaintiff's immediate assignor is a corporation of the state of New York, and a citizen and resident of that state. The state court refused to transfer the suit to this court upon the ground that it was not pending in the district of New Jersey.

The ground for removal, as stated by the defendant, is:

"That the controversy is (within the meaning of the federal statutes) between an alien and a citizen, a resident of the state of New Jersey, * * * that the right to remove * * * is given by section 28 of the Judicial Code, and that, as the case is not removable to the district where the action was pending in the state court, the right to remove the case to this district exists, even though no process for removal to this district is in terms provided by the Judicial Code."

By the Constitution of the United States (article 3, § 2) the judicial power extends, inter alia, to controversies between citizens of different states and between citizens of a state and foreign states, citizens, or subjects. Congress, however, determines how and to what extent this power is to be exercised. Stevenson v. Fain, 195 U. S. 165, 167, 25

Sup. Ct. 6, 49 L. Ed. 142; Mahopoulus v. Chicago, R. I. & P. Ry. Co. (C. C.) 167.Fed. 165, 168. Its last enactment on this subject—a codification—is embodied in the act entitled "An act to codify, revise, and amend the laws relating to the Judiciary," approved March 3, 1911 (36 Stat. 1087, c. 231), designated the "Judicial Code" (1 U. S. Comp. Stat. 1916, Ann., p. 532). Sections 24, 28, 29, and 51 of this Code are controlling, and they, so far as pertinent, provide:

Section 24 that:

"The District Courts shall have original jurisdiction as follows:
"First. Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and * * * (b) is between citizens of different states or (c) is between citizens of a state and foreign states, citizens, or subjects. No District Court shall have cognizance of any suit * * * to recover upon any * * * chose in action in favor of any assignee * * * unless such suit might have been prosecuted in such court to recover upon said * * * chose in action if no assignment had been made." Comp. St. 1916, § 991(1).

Section 28 that:

Any "suit of a civil nature, at law or in equity, * * * of which the District Courts of the United States are given * * * jurisdiction by this title, and which * * * may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

Section 29 that:

"Whenever any party entitled to remove any suit mentioned in the last preceding section * * * may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court * * * for the removal of such suit into the District Court to be held in the district where such suit is pending."

Section 51 that:

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Comp. St. 1916, § 1033.

[1] Whether this suit shall remain here or be remanded to the state court depends upon the legislative meaning of the words "proper district" in section 28. The cases are in conflict. Of those holding that the suit is improperly removed to a District Court whose territory does not embrace the place where the suit brought in the state court is pending are Murdock v. Martin (C. C.) 178 Fed. 307; St. John v. United States Fidelity & Guaranty Co. (D. C.) 213 Fed. 685; St. John v. Taintor (D. C.) 220 Fed. 457; Pavick v. Chicago, M. & St. P. Ry. Co. (D. C.) 225 Fed. 395; Eddy v. Chicago & N. W. Ry. Co., (D. C.) 226 Fed. 120. Of those holding that the removal may be made to the District Court of the district where the defendant resides, even though the suit was brought in another state or district, are Mattison v. Boston & M. R. R. (D. C.) 205 Fed. 821; Stewart v. Cybur Lumber Co. (D. C.) 211 Fed. 343; Park Square Automobile Station v. Amer-

ican Locomotive Co. (D. C.) 222 Fed. 979. This holding in the Mattison Case is dictum, but it was accepted in the Stewart Case as embodying the true doctrine. The opinion in the Park Square Automobile Case is by the learned judge who decided the Mattison Case, and is directly in point. For other cases showing the division on this question see citations by Judge Sanborn in Eddy v. Chicago & N. W. Ry. Co. (D. C.) 226 Fed. 120, 126, 127. In my judgment, the cases which deny the right of removal to a district other than that in whose territory the suit is pending pronounce the correct rule.

The suit removed here is one over which a United States District Court would have cognizance. It is for more than $3,000, and as the plaintiff's original assignor is an alien and the defendant is a citizen and resident of New Jersey, it could have been brought in a United States District Court in the first instance. Section 24, supra. If, however, the original assignor had sought to institute the suit in a federal court, he would have been constrained to bring it in this district unless the defendant waived his privilege of being sued in the district of his residence—New Jersey. Sections 24, 51, supra; Galveston, etc., Ry. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248; In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Hall v. Great Northern Ry. Co. (D. C.) 197 Fed. 488. As the original assignor could have brought the suit in this court, the plaintiff likewise could have done so, and, like that assignor, would have been under the same constraint to come here, if he had desired to invoke the jurisdiction of a United States court.

[2] The right to remove a suit from a state to a federal court is purely statutory. Gumbel v. Pitkin, 124 U. S. 131, 153, 8 Sup. Ct. 379, 31 L. Ed. 374; Mahopoulus v. Chicago, R. I. & P. R. Co. (C. C.) 167 Fed. 165, 168; Park Square Automobile Station v. American Locomotive Co. (D. C.) 222 Fed. 979. And where suits of the character now considered—a class over which the United States courts have but concurrent jurisdiction with the state courts—are brought in a state court, the right to remove must be clear. It cannot rest upon a doubtful basis. If doubtful, it should for that reason alone be remanded. Fitzgerald v. Missouri Pac. Ry. Co. (C. C.) 45 Fed. 812; Fishblatt v. Atlantic City (C. C.) 174 Fed. 196; Shawnee Nat. Bank v. Missouri, K. & T. Ry. Co. (C. C.) 175 Fed. 456; Odhner v. Northern Pac. Ry. Co. (C. C.) 188 Fed. 507, 508; Jackson v. Hooper (C. C.) 188 Fed. 509; Western Union Tel. Co. v. Louisville & N. R. Co. (D. C.) 201 Fed. 932, 945; Eddy v. Chicago & N. W. Ry. Co. (D. C.) 226 Fed. 120, 125. The idea that appears to have been largely influential, if not controlling, in the Park Square Automobile Station Case, mainly relied upon here to sustain the removal, is that any other conclusion would leave it within the power of the plaintiffs to prevent any United States court from taking cognizance, through removal proceedings, of suits over which a federal court was given general jurisdiction, and that it could not have been the purpose of Congress to permit such a result. On application of the plaintiff in that case the Supreme Court refused to mandamus the District Court to remand the cause to the state court. Ex parte Park Square Automobile Station, 244 U. S. 412, 37 Sup. Ct. 732, 61 L. Ed. 1231, decided June 11,

1917. This is not an indication, however, that the District Court was right in maintaining jurisdiction. The Supreme Court merely followed its previous decisions in Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, and Ex parte Roe, 234 U. S. 70, 34 Sup. Ct. 722, 58 L. Ed. 1217, that no extraordinary relief was necessary, and that the question of jurisdiction should be determined on a writ of error to final judgment. Consolidated Rubber Tire Co. v. Ferguson, 183 Fed. 756, 106 C. C. A. 330; Sagara v. Chicago, R. I. & P. Ry. Co. (C. C.) 189 Fed. 220, 223; Western Union Tel. Co. v. Louisville & N. R. Co. (D. C.) 201 Fed. 932, 941.

[3] In regard to suits over which the United States and state courts have concurrent jurisdiction, the rights of a plaintiff to bring and of a defendant to remove such a suit into a federal court are not reciprocal. In the beginning Congress made a distinction between the right to bring a civil suit in the first instance in the federal court and the right to remove it into such a court if originally brought in the state court. With the passage of the first judiciary act, the plaintiff could invoke the jurisdiction of a federal court where one of the parties was an alien or the suit was between a citizen of the state where it was brought and a citizen of another state, but, if he chose a federal court instead of a state court, he was confined to the district whereof the defendant was an inhabitant or in which he should be found at the time of serving the writ.

This alternative, in the case of diversity of citizenship, though broad in its terms, in effect was limited to the district of a state where the plaintiff or defendant had his citizenship; for, as noted, the federal jurisdiction was confined to cases where one of the parties was a citizen of the state where suit was brought. The defendant alone could remove, and he, if a citizen, was permitted to remove a suit from a state to a federal court only if it was brought against him in a court of a state whereof he was not a citizen, by one who was a citizen of that state; and in that case the suit was removable only to the federal court of the district where said suit was pending. Act Sept. 24, 1789, c. 20, §§ 11 and 12, 1 Stat. 73, 78, 79. So that while the plaintiff, having such a suit against a citizen, could bring it in the federal court of the district where the defendant was an inhabitant, yet, if he exercised his choice of jurisdiction and brought it in a court of the state wherein said defendant was a citizen, or in a court of a state other than that of which the plaintiff was a citizen, the defendant could not remove it to any federal court, but was constrained to let it remain in the court of the plaintiff's selection.

By the act of 1875 the rights of both litigants in controversies cognizable in the United States court were enlarged. In suits founded on diversity of citizenship the plaintiff was not confined in his choice of a federal court to one whose district was in the state whereof one of the parties was a citizen, as in the act of 1789, but could bring the defendant into any in whose district he could be served with process. The right to remove such causes from a state court was extended to the plaintiff, and the removal was not confined, as in the act of 1789, to cases where the plaintiff was a citizen of the state where the suit was commenced.

The right of the defendant to remove was not conditioned on his being nonresident of the state where he was sued, but the removal, whether brought about by the plaintiff or defendant, was confined to the federal court to be held in the district where the suit was pending. However, under this act the particular federal court into which the suit could be removed was largely in the control of the plaintiff, limited only by his ability to serve the defendant with process. Act March 3, 1875, c. 137, §§ 1–3, 18 Stat. 470. Under this Act the rights of the litigants to have their controversies determined in the federal court were practically reciprocal.

By the acts of 1887 and 1888 (March 3, 1887, c. 373, 24 Stat. 552, and August 13, 1888, c. 866, 25 Stat. 433) sections 1, 2, and 3 of the act of 1875 were amended, and the rights of both litigants were greatly restricted. The plaintiff was confined to bringing his suit in the district where the defendant was an inhabitant, save that, where the federal jurisdiction was only that the action was between citizens of different states, he could also sue in the district where the plaintiff resided, if he could there serve the defendant with process.

In the matter of removing suits from a state court, that was confined to the defendant, and he could do so only in case he was sued in a state whereof he was nonresident. This limitation to nonresidents of the right to remove suits of the kind now in question, while it appeared for the first time in express terms in the act of 1887, is in effect the same as was imposed in the act of 1789. These acts—1887 and 1888—also contained the requirement that a removable suit was to be transferred into the federal court to be held in the district where such suit was pending.

A reading of sections 24 and 28 (without reference to section 29) of the Code of 1911, which, as to the matters now considered, are substantially the same as the acts of 1887 and 1888, clearly evinces that the lack of reciprocity in the right of the litigants to have the federal courts determine their controversies, shown to exist in the act of 1789 and the acts of 1887 and 1888, is a feature of said Code. Not all suits of which the United States courts are given original cognizance can be removed into said courts. If the present suit had been instituted in a court of New Jersey, whether by the original assignor or either of said assignees, it could not have been removed into this court without the plaintiff's consent, as the defendant is a resident of this state. Section 28, supra; Sagara v. Chicago, R. I. & P. Ry. Co. (C. C.) 189 Fed. 220, 222; H. J. Decker, Jr., & Co. v. Southern Ry. Co. (C. C.) 189 Fed. 224, 227; Hall v. Great Northern Ry. Co. (D. C.) 197 Fed. 488; Eddy v. Chicago & N. W. Ry. Co. (D. C.) 226 Fed. 120, 124. Yet the plaintiff could have begun suit in this court in the first instance. Section 24, supra.

The words "proper district," mentioned in section 28, if they have any effect, are words of limitation. They condition the right of removal. That section does not define what is the "proper" district. It does, however, exclude districts covering the state wherein suits of the character now considered are pending, if the defendant is a resident of that state. Is this exclusion the only restriction upon the right of removal? If so, then the inclusion of the words "for the proper

district," in this class of cases, is mere surplusage. The section immediately following (29) shows that these words are not surplusage. It provides "for the removal of such suit into the district court to be held in the district where such suit is pending." There is nothing ambiguous or doubtful about that language, and, in the absence of an equally clear legislative indication that the suits in question may be removed into a district other than that in which they are pending, this proviso must be taken as furnishing the meaning of the word "proper" found in the preceding section. Such was the judicial view of the meaning of that word as used in the earlier acts. Knowlton v. Congress & Empire Spring Co., 13 Blatchf. 170, Fed. Cas. No. 7,902; Hess v. Reynolds, Admr., 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927.

The defendant contends, however (citing cases of which the Park Square Automobile Station Case is the most directly in point) that section 29 relates merely to the process whereby the removal is effected, and that the words quoted therefrom should not be construed to operate as a limitation upon the right to remove expressly granted by section 28. However, neither section 28 nor any of its predecessors granted an unlimited right of removal, and said quoted words, in substance, are found in all the enactments granting and regulating the right to remove.

The words "proper district" do not appear in the Judiciary Act of 1789 for the obvious reason that both the right to remove and its regulation were joined in one section—section 12, 1 Stat. 79. These words were first introduced in the act of 1875 (chapter 137, 18 Stat. 470), where the right to remove was granted in one section (2), and the steps whereby the removal was to be effected were made the subject of another section (3).

This method of treating this subject was adhered to in the amendatory acts of 1887 (chapter 373, 24 Stat. 552) and of 1888 (chapter 866, 25 Stat. 433), and in the codification of 1911 (Act March 3, 1911, 36 Stat. 1087). In the act of 1789 the designation of the court to which the removal was to be made, coupled as it was with the grant of power to remove, cannot be considered as anything less than a limitation upon the exercise of said power, and something more than a mere change in paragraphing in subsequent amendatory legislation which admittedly is more restrictive upon the right to remove (Shaw v. Quincy Min. Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768) is necessary to justify the conclusion that such limitation has been withdrawn.

The question raised by the words "proper district" found in section 2 of the acts of 1875, 1887, and 1888 and section 28 of the Judicial Code, which primarily grant the right to remove, is answered by section 3 of the Acts of 1875, 1887, and 1888 and section 29 of the act of 1911, and the designation of the United States court into which a suit may be removed is as much a limitation upon the right to remove as if such requirement were coupled with the grant of said right, as it was in the first judiciary act.

In the case of the authorized removals of all other suits or proceedings from the state to the federal courts (see section 30, 31, 33, and 34 of said Code [Comp. St. 1916, §§ 1012, 1013, 1015, 1016]), the suits

are to be removed to the federal court of the district wherein they were begun or are pending. Where a United States District Court contains more than one division, the removal of a cause from a state court by section 53 is to that division in which is situate the court whence the removal is made.

Sections 36 and 39, respectively derived from sections 4 and 7 of the act of 1875 (Comp. St. 1916, §§ 1018, 1021), contemplate results and judicial action in certain contingencies that can be had only if the cause is removed to a federal court having jurisdiction over the territory where the suit was pending when removed. Section 36 provides for the retention of any attachment or sequestration of the defendant's estate obtained in the suit while in the state court to answer any final judgment rendered in the federal court. Section 39 authorizes the federal court into which a cause is removable to issue a writ of certiorari to the state court, on refusal of its clerk to furnish a copy of the record of said cause, commanding it to make return of said record and to enforce said writ according to law. How could an attachment or sequestration of the defendant's property, secured while the suit was pending in the state court, be enforced by a federal court whose district did not cover any part of said state, or how could the federal court enforce its writ, if issued to compel a court of a state to furnish a copy of the record of a removable suit, in case it refused to do so where the district of the federal court was not in said state?

The statutes do not authorize the running of the federal court's attaching or sequestering writs into a state other than that in which its own district is; yet sections 36 and 39 of the Code contemplate that the federal court into which the cause is removed or removable, and not another court, shall by its writs in one instance appropriate property to satisfy its final decree, and in the other compel recalcitrant officers of a state court to obey the mandatory writs of the federal court into which the cause is to be removed.

There is nothing in any other section of the Code that warrants an interpretation of the words "proper district" contained in section 28, other than "where such suit is pending," as mentioned in section 29.

That such a construction prevents the defendant from removing to a federal court some suits which the plaintiff could have brought in such court can make no difference; nor does the fact, that, under the following cases decided by the United States District Court for the Southern District of New York: Consolidated Rubber Tire Co. v. Ferguson, 183 Fed. 756, 106 C. C. A. 330; Kamenicky v. Catterall Printing Co. (C. C.) 188 Fed. 400; Odhner v. Northern Pac. Ry. Co. (C. C.) 188 Fed. 507; Jackson v. William Kenefick Co. (D. C.) 233 Fed. 130; Doherty v. Smith (D. C.) 233 Fed. 132—this particular suit cannot be removed into said court, though it was pending in a state court within said district.

Those cases, and some in other districts, including Waterman v. Chesapeake & O. Ry. Co. (D. C.) 199 Fed. 667, of this district, but follow Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, which held that no suit over which the federal courts were given jurisdiction could be removed into a selected federal court unless that court could originally have taken cognizance thereof. This case, while

modified by later decisions of the Supreme Court in other particulars, is still an authority for that doctrine (see the Waterman Case and cases there cited), and, though its soundness has been questioned (Louisville & N. R. Co. v. Western Union Tel. Co. [D. C.] 218 Fed. 91), it still stands as a flat-footed declaration that the rights of plaintiffs and defendants to have their controversies brought into a federal court are not reciprocal.

Congress is the only power that can make the rights of the litigants reciprocal in this respect, and the argument advanced that this reciprocity ought to exist should be addressed to that branch of the government. While the courts at times are required to read into legislation matters not expressly appearing, in order that the manifest legislative purpose may not fail of enforcement, yet that power is never properly exercised to change what has been clearly expressed.

The motion to remand is granted, with costs.