ISAAC KUBIE CO. et al. v. LEHIGH VALLEY R. CO.

(District Court, D. New Jersey. December 26, 1919.)

1. REMOVAL OF CAUSES ⬤⟿12—ORIGINAL JURISDICTION OF PARTICULAR DISTRICT COURT NECESSARY TO REMOVAL.

To authorize removal of a cause into a particular District Court on the ground of diversity of citizenship, the cause must not only be one over which a United States District Court is given original jurisdiction; but, unless plaintiff has expressly or impliedly consented to the removal, it must be one over which the selected court could have taken original jurisdiction in invitum.

2. REMOVAL OF CAUSES ⬤⟿16—PLAINTIFF DOES NOT CONSENT TO REMOVAL BY BRINGING SUIT WHICH MIGHT HAVE BEEN BROUGHT IN FEDERAL COURT.

By instituting in a state court a suit of which some United States District Court could have taken cognizance, if its jurisdiction had been invoked in the first instance, plaintiff does not impliedly consent to removal of the suit at the will of defendant.

3. REMOVAL OF CAUSES ⬤⟿49(3)—WHAT CONSTITUTES SEPARABLE CONTROVERSY.

Where the owner of property destroyed and an insurer, which has paid part of the loss and claims the right of subrogation pro tanto, join in an action to recover for the loss on the ground of negligence, there is no separable controversy between defendant and the insurance company, within the meaning of the removal statute.

4. COURTS ⬤⟿289—SUIT IS NOT ONE ARISING UNDER LAWS OF UNITED STATES WHERE FAILURE TO COMPLY WITH INTERSTATE COMMERCE REGULATION WAS ASSIGNED AS NEGLIGENCE.

That one of the grounds of negligence alleged against a carrier in an action for loss of property by an explosion was failure to comply with a

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

regulation of the Interstate Commerce Commission for handling and storing explosives *held* not to make the action one arising under the laws of the United States, so as to give a federal court exclusive jurisdiction.

At Law. Action by the Isaac Kubie Company and the Liverpool & London & Globe Insurance Company against the Lehigh Valley Railroad Company. On motion to remand to state court. Granted.

Pitney, Hardin & Skinner, of Newark, N. J., for plaintiffs.
Collins & Corbin, of Jersey City, N. J., for defendant.

RELLSTAB, District Judge. This suit is to recover damages for the loss by fire of raw sugar alleged to have been occasioned by the negligence of the defendant. One of the asserted grounds of negligence is that the defendant did not comply with the regulations of the Interstate Commerce Commission, prescribed for the handling and storing of explosives. The amount in controversy exceeds $200,-000.

Isaac Kubie Company, one of the plaintiffs, is a corporation and citizen of the state of New York, and was the owner of the sugar at the time of its loss. The sugar was partly insured by the Liverpool & London & Globe Insurance Company, the other plaintiff, which is a corporation and subject of the kingdom of Great Britain and Ireland. The Insurance Company paid a part of the loss, and claims the right, under its policy, to be subrogated, to the extent of such payment, to the Kubie Company's right to recover. The defendant is a corporation of Pennsylvania and a citizen of that state.

The suit was begun in the Supreme Court of New Jersey, and removed into this court by the defendant, on the grounds that it was one arising under the laws of the United States regulating commerce; that it was between citizens of different states, or between a citizen of a state and a foreign citizen or subject; that the United States District Court had original jurisdiction thereof; and that there was a separable controversy between the defendant and the alien plaintiff (Insurance Company), which could be fully determined as between them without the presence of the Kubie Company, the other plaintiff. The plaintiffs appear specially, and move to remand the suit to the state court on the ground that this court is without jurisdiction, as none of the parties is domiciled in this district.

The cases on the right of removal, while not harmonious in all respects, uniformly hold that the right to remove is purely statutory and must be clear. Sections 24, 28, 29, and 51 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [Comp. St. §§ 991, 1010, 1011, 1033]), regulate and control the jurisdiction of the United States District Courts in suits like the one here. Sections 24 and 51 deal with original jurisdiction. The former defines the character of suits, and the latter describes the district in which they may be brought. Section 28 authorizes removal to the District Court "for the proper district" of suits brought in the state court, and which could have been originally brought in a United States District Court, and section 29 provides for the removal of such suits "into the District Court to be held in the district where such suit is pending."

This court has had several occasions to pass upon the question of removal, and in Ostrom v. Edison, 244 Fed. 228, we held that, in suits over which the federal and state courts had concurrent jurisdiction, the right of the plaintiff to bring such suit in the United States District Court and of the defendant to remove it there from a state court was not reciprocal.

Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, held that no suit over which the federal courts were given jurisdiction could be removed into a selected federal court, unless that court originally could have taken cognizance thereof.

In Waterman v. Chesapeake & Ohio Ry. Co., 199 F. 667, we were constrained to overrule one of the contentions that we have now, viz., that as this is the district in which the suit is pending, and as there is no other district into which the suit could be removed, the suit is removable here.

Undoubtedly this suit originally could have been brought in a United States court, if the plaintiffs so desired, but not of this district, unless the defendant expressly or impliedly consented; but because the defendant might have consented does not entitle it to insist, through removal proceedings, to have it tried here.

So far as the plaintiff Kubie Company and the defendant are concerned, the relation of the parties, for jurisdictional purposes, is the same as that of the parties in the Wisner Case. In that case the opinion went farther than the facts required, and in some particulars has been modified by later cases. In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873; Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392.

[1] However, the modifications declared by these cases do not change the rule, enunciated in the Wisner Case, that to remove a cause into a particular United States District Court, upon the ground of diversity of citizenship, the cause must not only be one over which a United States District Court is given original jurisdiction, but, unless the plaintiffs have expressly or impliedly consented to such removal, it must be one over which the selected court could have taken original jurisdiction in invitum. A different rule has been announced in some of the District Courts, for which see Louisville & N. R. Co. v. Western Union Tel. Co., 218 Fed. 91, and James v. Amarillo City L. & W. Co., 251 Fed. 337. Yet, as announced by this court in the Waterman and Ostrom Cases, supra, and now after further reflection reiterated, the rule just stated is still the law, and must govern the instant case, if applicable. A like view has been taken by other and later cases, of which I note only Peninsula Lumber Co. v. Royal Indemnity Co. (D. C.) 237 Fed. 297; Western Union Tel. Co. v. Louisville & N. R. Co. (D. C.) 201 Fed. 932; Guaranty Trust Co. of New York v. McCabe (C. C. A. 2) 250 Fed. 699, 163 C. C. A. 31 (certiorari denied 247 U. S. 505, 38 Sup. Ct. 427, 62 L. Ed. 1240).

[2] A plaintiff, in the first instance, has the right of choice between a state and a United States court to try a controversy of this character, but the defendant's right to remove is not a matter of choice. Having exercised their choice, and selected a state court, the plaintiffs in the instant case can be deprived or prevented from prosecuting the suit in the state court only if they have expressly or impliedly consented to this court taking jurisdiction. The defendant contends that the plaintiffs have impliedly consented; that is, that they have waived their right to object to the jurisdiction of this court. No general appearance has been entered by either of the plaintiffs, and no step taken by them here, except to move to remand the case to the state court, for which they appear specially. The sole contention of the defendant in this behalf is that by instituting a suit in the state court, over which some United States District Court could have taken cognizance if its jurisdiction had been invoked in the first instance, the plaintiffs have subjected themselves to the removal of the suit at the will of the defendant.

Generally stated, one does not waive his right to object until he is confronted with the duty of objecting. In the case of waiving objections to a court's assuming jurisdiction over his person, he is not called upon to object until such jurisdiction is exercised. In removal proceedings the duty of objecting arises only after the proceedings have been taken. It is what he does after the proceedings have been removed that is pertinent upon the question whether he has waived his right to object, not what he did before. If the defendant's contention as to waiver were sound, many, perhaps the greater number, of the suits remanded should have been retained.

The only case cited by defendant in support of its contention that the plaintiff waived its right to object to removal proceedings when it instituted the suit in the state court, is Barlow v. Chicago & N. W. Ry. Co. (C. C.) 164 Fed. 765, which so held. It is to be observed that in that case the court was dealing with a sole plaintiff, who was a nonresident alien, a situation which it considered sufficient to distinguish it from In re Wisner, supra, where all the parties were citizens. The doctrine enunciated in the Barlow Case has not met with general acceptance by the federal courts. The contrary has been expressly held in Mahopoulus v. Chicago, R. I. & P. Ry. Co. (C. C.) 167 Fed. 165; Sagara v. Chicago, R. I. & P. Ry. Co. (C. C.) 189 Fed. 220; Hall v. Great Northern Ry. Co. (D. C.) 197 Fed. 488; Ivanoff v. Mechanical Rubber Co. (D. C.) 232 Fed. 173; Jackson v. Wm. Kenefick Co. (D. C.) 233 Fed. 130. Whether, where an alien is sole plaintiff, In re Wisner, supra, is applicable need not be determined in the instant case, unless, as contended by the defendant, there is a separable controversy between it and the Insurance Company, the alien plaintiff.

[3] To my mind the coupling of the Insurance Company as a coplaintiff does not enlarge the right of removal. There is no controversy between the Insurance Company and the defendant, that "can be fully determined as between them," without the presence of the Kubie Company. No contractual relation existed between the Insur-

ance Company and the defendant, and the latter owed no duty to the former at the time of the alleged negligence.

The Insurance Company's status is that of a subrogee pro tanto, and there is no controversy in this suit that is wholly between it and the defendant. Its right to a part of the moneys demanded here is purely equitable, and is dependent upon the Kubie Company's right of action against the defendant. If the Kubie Company fails to establish the asserted negligence, there can be no recovery by the Insurance Company. Webb v. Southern Ry. Co. (C. C. A. 5) 248 Fed. 618, 160 C. C. A. 518 (certiorari denied 247 U. S. 518, 38 Sup. Ct. 582, 62 L. Ed. 1245), and cases cited. See, also, Weber v. Morris & Essex R. R. Co., 35 N. J. Law, 409, 10 Am. Rep. 253.

[4] The fact that the charge of negligence embraces, inter alia, a failure to comply with some of the Interstate Commerce Commission's regulations prescribed for the handling and storing of explosives, does not make the controversy one arising under the laws of the United States, so as to give a federal court exclusive jurisdiction thereof. Missouri Pacific Ry. Co. v. Fitzgerald, 160 U. S. 556, 16 Sup. Ct. 389, 40 L. Ed. 536. But if it were otherwise, and the suit could be held so to arise, the limitation of section 51 of the Judicial Code, as to the place of inhabitancy of the defendant, would be applicable, and the defendant, unless consenting thereto, could not have been sued in the United States District Court of this district (Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300), and under the Wisner, Moore, and Winn Cases, supra, the plaintiffs cannot be compelled to submit their suit to this court.

As there is no separable controversy between the Insurance Company and the defendant, and as neither of the plaintiffs nor the defendant is a citizen or resident of this district, the motion to remand is granted.