## Ex parte State Insurance Company.

1 Prior to the act of March 3d, 1873, the District Court of the United States for the Middle District of Alabama was possessed of circuit court powers, and among these was the right to hear and decide cases properly removable from the State courts within the limits of that district.

2 An order of a State court within those limits ordering the removal of a case into the Circuit Court for the *Southern* District of Alabama was, therefore, void, and that court was right in refusing to proceed in such case when the papers were filed in it.

On petition for a mandamus to the Circuit Court for the Southern District of Alabama, at Mobile. The case was thus:

Between December 14th, 1819, when Alabama was ad-

mitted into the Union, and the 3d of March, 1873, various statutes were·passed fixing the judicial districts of the State and the powers of District Courts established for them. Among them were two acts, one of March 10th, 1824,* and the other of February 6th, 1839,† whose conjoint effect apparently was to divide the State into three districts, a northern, a middle (this latter embracing Barbour County, one of the counties of Alabama), and a southern, whose terms and sessions were to be held at Mobile.   These acts gave to these different District Courts, in general terms, the jurisdiction and powers of Circuit Courts.‡

With these various acts in force, one Kolb, a citizen of Barbour County, already mentioned as in the judicial district designated by Congress as the middle one, sued the State Insurance Company of *Missouri*, by process in attachment, in a State court sitting at Euphala, in the county of Barbour aforesaid.   On the 11th December, 1872, the insurance company applied to the said· State court where the suit was brought, alleging its incorporation by and citizenship in Missouri, and praying for the removal of the suit "into the next *Circuit* Court of the United States to be held in this the district where the suit is pending." This petition was made, of course, pursuant to the right given in the twelfth section of the Judiciary Act, which says:

"If a suit be commenced in any State court . . . by a citizen of the State in which the suit is brought, against a citizen of another State, . . . and the defendant shall . . . file a petition for the removal of the cause from that into the next *Circuit* Court to be held in the district where the suit is pending, &c., . . . the cause shall *there* proceed as if it had been brought there by original process."

The State court, on the 11th of January, 1873, made an order that the cause be removed out of this court into the

---

* 4 Stat. at Large, 9.                       † 5 Id. 315.

‡ The briefs of the petitioner's counsel referred to many acts having more or less bearing on the case.   The Reporter refers to those which he deems specially pertinent; though he cannot affirm that it was on these that this court based its judgment.

*Circuit* Court of the United States *at Mobile, Alabama, that being the Circuit Court of the United States for this district.* And, on the 18th following, the proper papers were filed with the clerk of the Southern District.

On the 3d of March, 1873, after all this had been done, Congress passed an act relating to the Circuit and District Courts for the *Middle* and Northern Districts of Alabama, one section of which enacted, " that so much of any act or acts of Congress as vested in the District Court for the Middle District of Alabama, . . . the power and jurisdiction of a Circuit Court be and the same is hereby repealed." The act, which in two places spoke of the Circuit Court at Mobile as the Circuit Court for the District of Alabama, made several important changes in previously existing things.

On the 23d of December, 1873—after the passage of the statute just mentioned—Kolb, the plaintiff in the suit, appeared in the Circuit Court and moved to have the case stricken from the docket for want of jurisdiction, which order was made by the court, the circuit judge presiding.

The insurance company now applied to this court for a mandamus to the said Circuit Court, requiring it to proceed to try and determine the case.

*Messrs. P. Phillips and J. T. Morgan, for the petitioner,* made an elaborate examination of different statutes, including specially that of March 3d, 1873, and argued that in view of this legislation the Circuit Court at Mobile had original circuit court jurisdiction over the entire State, or made the State, so far as said Circuit Court was concerned, but one district. The learned counsel conceded that the act of March 3d, 1873, did not, in express terms, confer such jurisdiction upon the Circuit Court at Mobile, nor expressly enact that the State should constitute but one district for circuit court purposes.

Mr. Justice MILLER delivered the opinion of the court.

Much argument is addressed to us on the construction of the act of March 3d, 1873, concerning the District and Cir-

cuit Courts of Alabama, especially whether by that act the Circuit Court sitting at Mobile has circuit court jurisdiction over the whole State or not. In the view we take of the present case it is not necessary for us to decide that question.

Prior to that time the District Court of the United States for the Middle District of Alabama was a court invested with circuit court powers. Among those powers, in our opinion, was that of receiving and exercising jurisdiction over cases removed from the State courts within its territorial limits. The case before us was of that class. No question is raised that the requirements of the law for the removal were complied with. The order for the removal was made on the 11th day of January, 1873, and the papers filed in the office of the clerk of the Circuit Court for the Southern District on the 18th day of the same month.

The order of the State court was that " this, cause be removed out of this court into the Circuit Court of the United States at Mobile, Alabama, that being the Circuit Court of the United States for this district." The county of Barbour, in which the State court sat and made this order, was in the Middle District of Alabama, and as, in our judgment, the case, if to be removed at all, should have been removed to the District Court for that district, to be disposed of in the exercise of its circuit court powers, we think the order of the State court was void. That it conferred no jurisdiction of the case on the Circuit Court for the Southern District of Alabama, because it could take none as the law then stood. Whatever may be the effect of the subsequent act of March 3d, 1873, on the jurisdiction of all these courts, there is nothing in it which removes the difficulty in the present case.

The Circuit Court at Mobile was, therefore, right in refusing to hear the case, and ordering it to be stricken from the docket, and the mandamus now asked for is

DENIED.