## HUBBARD v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court, D. Minnesota. February 24, 1910.)

1. REMOVAL OF CAUSES (§ 11*)—STATUTES—CONSTRUCTION.

Judiciary Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509), provides that any suit of a civil nature at law or in equity arising under the Constitution or laws of the United States of which the Circuit Courts of the United States are given original jurisdiction by section 1 may be removed from the state court by the defendant to the Circuit Court of the United States for the proper district. *Held*, that the clause "of which the Circuit Courts of the United States are given original jurisdiction" refers to the general grant of jurisdiction contained in section 1, and not to the particular court in which the action must be brought according to the terms of the last part of such section.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 31; Dec. Dig. § 11.*]

2. REMOVAL OF CAUSES (§ 11*)—COURT TO WHICH REMOVAL SHOULD BE MADE.

The rule that a case cannot be removed to the federal Circuit Court unless it could have been commenced therein refers to the particular Circuit Court to which removal is sought.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 11.*]

3. REMOVAL OF CAUSES (§ 11*)—RIGHT TO REMOVAL.

Since by the terms of Judiciary Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), an action for injuries based on Federal Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), between citizens of Wisconsin could only be brought originally in the Circuit Court of the United States sitting in the state of Wisconsin for the district in which the defendant resided, federal jurisdiction depending on the contention that the case was one arising under the laws of the United States, and, such suit having been brought in the state courts of Minnesota, it was not removable by the defendant over plaintiff's protest to the federal Circuit Court in the district of Minnesota.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 11.*]

4. COURTS (§ 276*)—FEDERAL COURTS—VENUE.

Where there is in fact a controversy between citizens of different states, the parties can confer jurisdiction on a particular federal Circuit Court, though it is not the circuit court of the residence of either plaintiff or defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*]

5. COURTS (§ 276*)—FEDERAL COURTS—JURISDICTION—CONTROVERSY BETWEEN CITIZENS—VENUE.

Where a case involves a federal question, the parties may agree to try it in a federal district other than that of which the defendant is an inhabitant, notwithstanding Judiciary Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), providing that cases involving federal questions can be brought only in the district where the defendant resides.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*]

6. REMOVAL OF CAUSES (§ 106*)—FEDERAL JURISDICTION—VENUE—REMAND—WAIVER.

Where a petition for removal was defective on its face in that it stated no facts showing a removable cause, the fact that plaintiff before moving to remand took the deposition of a witness under a notice headed

"United States Circuit Court, District of Minnesota, Third Division," and that the deposition was filed in such court, no transcript from the state court having at that time been filed therein, did not waive plaintiff's right to have the cause remanded under the rule that where the petition states no ground for removal, a state court is not deprived of its jurisdiction, and that jurisdiction is not conferred on the Circuit Court by the mere filing of a petition and bond.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 216; Dec. Dig. § 106.*]

7. REMOVAL OF CAUSES (§ 90*)—ORDER OF REMOVAL.

Since no order of removal is necessary, where removal of a cause to a federal court is proper, an order of removal by the judge of the state court confers no jurisdiction on the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 90.*]

8. REMOVAL OF CAUSES (§ 25*)—PETITION—FEDERAL QUESTION.

A petition for the removal of a cause as involving a federal question alleging that the cause was one arising under the laws of the United States, to wit, Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), was insufficient, where there was no statement in the complaint, answer, or petition that there was any dispute between the parties as to the construction or effect of the act, the fact that plaintiff may base his right to recover on such act not being sufficient to justify a removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

At Law.   Action by J. A. Hubbard against the Chicago, Milwaukee & St. Paul Railway Company for personal injuries.   Motion to remand the cause to the state court.   Granted.

Barton & Kay, for plaintiff.

F. W. Root and N. J. Wilcox, for defendant.

WILLARD, District Judge.   The plaintiff brought this action in the district court of Ramsey county, in the state of Minnesota, to recover the sum of $35,500 for personal injuries suffered by him by reason, as he alleged, of the negligence of the defendant.   The complaint stated that both the plaintiff and the defendant were citizens of the state of Wisconsin, and alleged facts which would seem to bring the case within the provisions of the act of Congress of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171)—the employer's liability act.   The questions now to be decided are presented by a motion to remand.

Section 1 of the Act of March 3, 1887, c. 373, 24 Stat. 552, relating to the jurisdiction of the Circuit Courts, as amended by the Act of August 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), provides in part as follows:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States.   *   *   *   But no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Section 2 of the act provides in part as follows:

"That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * * of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district."

In this last section the sentence "of which the Circuit Courts of the United States are given original jurisdiction" refers to the general grant of jurisdiction contained in section 1, and not to the particular court in which the action must be brought according to the terms of the last part of said section. Mexican National R. R. Co. v. Davidson, 157 U. S. 201, 208, 15 Sup. Ct. 563, 39 L. Ed. 672. But those decisions of the Supreme Court which say that a case cannot be removed to the Circuit Court, unless it could have been commenced therein, refer to the particular Circuit Court to which removal is sought. In Matter of Dunn, 212 U. S. 374, 384, 29 Sup. Ct. 299, 301, 53 L. Ed. 558, it is said:

"The right to remove under the statute depends upon whether it could originally have been brought in the Circuit Court of the United States. Traction Co. v. Mining Co., 196 U. S. 239, 245 [25 Sup. Ct. 251, 49 L. Ed. 462]; Cochran, etc., v. Montgomery County, 199 U. S. 260 [26 Sup. Ct. 58, 50 L. Ed. 182]. The question is then whether the United States Circuit Court for the proper district (Northern district of Texas) would have had jurisdiction of a suit commenced in that district by the plaintiffs against the railway company and the two individual defendants." In re Winn, 213 U. S. 458, 464, 29 Sup. Ct. 515, 53 L. Ed. 873.

This case having been commenced in the district court for Ramsey county in the state of Minnesota, the proper district within the meaning of the provision of section 2 above referred to was the district of Minnesota, and that division therein in which the county of Ramsey is situated. Act of March 3, 1887, c. 373, § 3, 18 Stat. 471, as amended by Act of March 3, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 511); Act of Congress April 26, 1890, c. 167, 26 Stat. 72 (U. S. Comp. St. 1901, p. 374), relating to the district of Minnesota. If it could not be removed to the Circuit Court for this district it could not be removed at all. In re State Insurance Co., 18 Wall. 417, 21 L. Ed. 904. The jurisdiction of the national courts depends in this case not upon diverse citizenship, but upon the claim that it is a suit arising under a law of the United States, namely, the Employer's Liability Act of 1908. By the terms of section 1 of the Act of 1887, if the action were to be brought in a Circuit Court of the United States, it could only be brought in the Circuit Court of the state of Wisconsin, in the district where the defendant resides. It could not have been brought originally in the Circuit Court for the district of Minnesota. Macon Grocery Co. et al. v. Atlantic Coast Line R. R. Co. et al. (January 17, 1910) 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. ——. And when brought in a court of the state of Minnesota it could not be removed to the Circuit Court for the district of Minnesota. Ex parte Wisner, 203

U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; dissenting opinion of Harlan, J., in the case of Macon Grocery Co. v. Atlantic Coast Line R. R. Co., above cited. If the plaintiff had, without in any way recognizing the jurisdiction of the Circuit Court, appeared specially therein and moved to remand the case that motion would have been granted. The defendant, however, claims that the plaintiff has waived his right to remand and has consented to try the case in this court. It is settled that, where there is in fact a controversy between citizens of different states, the parties can confer jurisdiction upon a particular Circuit Court, although that is not the Circuit Court of the residence of either the plaintiff or the defendant. Western Loan Co. v. Butte & Boston Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. In that case it was held that the defendant company waived the objection that it had been sued in the wrong district.

It has also been held that where a defendant has been sued in a state court, in a district in which he does not reside, by removing the case into the United States Circuit Court sitting in that district he waives his right to have the case brought in the district of his residence. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904. It was also held in that case that the plaintiff having followed the suit into the Circuit Court, and having there filed an amended petition and signed a stipulation giving time to the defendant to answer, and having entered into successive stipulations for a continuance of the trial in that court, had thereby consented to accept its jurisdiction. The same thing was also held in the case of Kreigh v. Westinghouse & Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984. Section 1 of the Act of 1887 gives jurisdiction to the Circuit Court (1) over cases involving federal questions, and (2) over controversies between citizens of different states. It provides that cases of the first class can be brought only in the district of the defendant, and cases of the second class only in the district of the plaintiff or the defendant. Where there is a controversy between citizens of different states, they can consent to try the case in a district other than the district of either the plaintiff or the defendant. It necessarily follows that where there is a case which involves a federal question, they can agree to try it in a district other than that of the defendant.

The facts relied upon in this case to show such a consent are these: A petition and bond for removal were filed in the state court on the 6th of January, 1910, and on the same day an order of removal was made by the judge of that court. The record, however, was not filed in this court until the 18th day of February, 1910. On February 5, 1910, the plaintiff gave notice to the defendant that it would on the 9th day of February take the deposition of a witness for the plaintiff, on the ground that such witness was about to depart from the state. This notice was signed, "Barton & Kay, Attorneys for Plaintiff." The deposition was taken on the day named before a notary public, and was by him returned with the notice and filed in this court on the 11th day of February. On the same day the plaintiff gave notice of a motion to remand the case to the state court. The notice for the taking of the deposition is headed, "United States Circuit Court, District of Minnesota, Third Division," and it is this fact upon which defendant relies

to show that the plaintiff has waived his right to have the case remanded.

It is important to notice that the petition stated no ground for removal. It was defective on its face. Moreover, it affirmatively appeared from the petition and the complaint, which by the petition was made a part thereof, that the case should be remanded, for it was shown that the right of removal was based upon the existence of a federal question, and that both the plaintiff and the defendant were residents of the state of Wisconsin. When the petition does state upon its face facts which show that the case is removable, the filing of the petition in the state court with the proper bond deprives that court of jurisdiction, and at once confers jurisdiction on the Circuit Court, even before the record is filed therein. R. R. Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; Traction Co. v. Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462. But where the petition states no ground for removal, the state court is not deprived of its jurisdiction, and the mere filing of such a petition cannot confer jurisdiction upon the Circuit Court. See Donovan v. Wells-Fargo Co., 169 Fed. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250. Nor can an order of the judge of the state court confer such jurisdiction upon the national court. In re State Insurance Co., 18 Wall. 417, 21 L. Ed. 904. Such an order is not necessary where the removal is proper. Kern v. Huidekoper, 103 U. S. 485, 490, 26 L. Ed. 354. At the time the notice relied upon was given this court not only did not have jurisdiction of the case, but had not taken any steps to assert such jurisdiction; and while the notice was entitled in this court, yet under the circumstances, this was not such an act as showed unequivocally the purpose of the plaintiff to waive his right to have the case remanded when the record was filed here. The case does not really belong in this court.

There is another ground on which the motion must be granted. While the petition alleges that the case is one arising under the laws of the United States, the only facts appearing are that it is a case which comes within the Employer's Liability Act of 1908. But there is no statement in the complaint, answer, or petition that there is any dispute between the parties as to the construction or effect of that act.

The fact that the plaintiff may base his right to recover thereon is not sufficient to justify a removal. Nelson v. Southern Ry. Co. (C. C.) 172 Fed. 478, and cases therein cited.

The motion to remand is granted.