MURDOCK v. MARTIN et al.

(Circuit Court, S. D. New York. March 14, 1910.)

REMOVAL OF CAUSES (§ 14*)—ACTION BY NONRESIDENT—DISTRICT TO WHICH CAUSE IS REMOVABLE.

Where a suit in equity was brought by a citizen of Ohio in the New Jersey Chancery Court against citizens and residents in New York, the cause was not removable by the defendants to the Circuit Court for the Southern District of New York, under Removal Act, March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507).

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 14.*]

In Equity. Action by Edwin H. Murdock against Luther Martin, Jr., and others. On motion to remand. Granted.

Morgan, Morgan & Carr, for plaintiff.

Stephen A. McIntire, for defendants.

COXE, Circuit Judge. The plaintiff, who is a citizen and resident of Ohio, brought an action in equity in the Court of Chancery of New Jersey against the defendants, who are citizens and residents of New York. The defendants caused the action to be removed to the Circuit Court for the Southern District of New York. The plaintiff now moves to remand. The Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 507), gives the Circuit Courts cognizance of suits between citizens of different states in which the amount in controversy exceeds $2,000. Such a suit pending in a state court may be removed by the defendant, being a nonresident of the state, to the proper district. In Ex parte Wisner, 203 U. S. 449, 457, 27 Sup. Ct. 150, 152, 51 L. Ed. 264, the court says:

"Section 3, as amended, provided for petition and bond for 'the removal of such suit into the Circuit Court to be held in the district where such suit is pending.'

"As it is the nonresident defendant alone who is authorized to remove, the Circuit Court for the proper district is evidently the Circuit Court of the district of the residence of the plaintiff."

To the same effect is Hill v. Woodland Co. (C. C.) 158 Fed. 530, and Roberts v. C., B. & Q. R. Co. (C. C.) 168 Fed. 316. In the former case the court at page 534 of 158 Fed., says:

"First, that the proper district to which a suit may be removed from a state court must be a district where one of the parties resides, and, secondly, that, in view of the fact that the removal can be obtained only by 'the defendant or defendants therein, being nonresidents of that state,' the proper district is that in which the plaintiff resides."

Assuming that the right to remove this cause exists, which is by no means clear, it is unnecessary to determine on this motion the district to which the cause should be removed. It is enough that it is not the Southern district of New York. No authority has been cited which sustains the defendants' contention that a suit pending in the Chancery Court of New Jersey between a citizen of Ohio and citizens of New York may be removed by the latter to this court.

The motion to remand is granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes