### STEWART v. CYBUR LUMBER CO.

(District Court, S. D. Alabama. February 10, 1914.)

1. REMOVAL OF CAUSES (§ 12*)—RIGHT TO REMOVE—RESIDENCE OF PARTIES.
   Under the rule that where federal jurisdiction is founded on diversity of citizenship a suit must be brought in the district of the residence of either plaintiff or defendant, a suit commenced in a state court in a federal district, in which neither the plaintiff nor the defendant resides, cannot be removed to the district court of such district by the nonresident defendant on the ground of diverse citizenship.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

2. REMOVAL OF CAUSES (§ 12*)—"PROPER DISTRICT."
   Where a suit is commenced in a state court in a federal district in which neither the plaintiff nor the defendant resides, the "proper district" to which defendant is entitled to remove the cause for diversity of citizenship is the district in which he resides, and in which the federal court would have had jurisdiction had the suit been originally brought there.
   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

At Law. Action by A. W. Stewart against the Cybur Lumber Company. On motion to dismiss for want of prosecution. Motion granted.

Stevens, McCorvey & Dean, of Mobile, Ala., for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

TOULMIN, District Judge. Motion by defendant to dismiss the case for want of prosecution.

[1] This case is here by removal proceedings from the circuit court of Pearl River county of the state of Mississippi. The removal is founded on the fact that the action is between citizens of different states. Where the jurisdiction of the federal court is founded on the fact of diverse citizenship, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. The plaintiff failed to do either,. but brought his suit against the defendant in a state and district of which both were nonresidents.

A suit commenced in a state court in a federal district, in which neither the plaintiff nor the defendant resides, cannot be removed to the District Court of such district by the nonresident defendant on the ground of diverse citizenship, as such court would have had no jurisdiction of the same as an original suit. Gruetter v. Cumberland Telephone & Telegraph Co. (C. C.) 181 Fed. 249; Smellie v. Southern Pac. Co. (D. C.) 197 Fed. 641.

"No cause can be removed" into a federal court "unless it is one which could have been originally brought in that court." Younts v. Southwestern Telegraph & Telephone Co. (C. C.) 192 Fed. 200; Waterman v. Chesapeake & O. Ry. Co. (D. C.) 199 Fed. 667.

"A plaintiff instituting a suit in the federal court of a district other than that of the residence of either of the parties, waives thereby the wrong venue, and the provision authorizing venue in the district of his (plaintiff's) residence." Decker, Jr., & Co. v. Southern Ry. Co. (C. C.) 189 Fed. 224.

[2] The defendant had a right to remove the suit to a federal court. The right of removal given by the statute is to the "proper district," and this right of removal cannot be defeated by the act of the plaintiff in bringing his suit in the state court of Mississippi in which neither party resided. Mattison v. Boston & M. R. R. (D. C.) 205 Fed. 821.

For the defendant to remove the suit to the "proper district" is to remove it to the district court where he resides, and which is one that has original jurisdiction of the suit, and in which it could have been brought.

The case of Mattison v. Boston & M. R. R., supra, was, where a citizen of Vermont brought suit against a citizen of Massachusetts in a state court of New York. The defendant removed the case to the district court of the United States for the Northern District of New York, in which district the action was brought. The plaintiff moved to remand the cause on the ground that said District Court of the United States had no jurisdiction, and that the cause could not be removed to that court, inasmuch as neither the plaintiff nor the defendant was a citizen or resident of the state of New York. The court granted the motion to remand the cause to the state court of New York. In its opinion the court said:

"As the * * * plaintiff may bring his action against the defendant in the District Court of the district where the defendant resides, it seems plain that the defendant here might have removed this case to the District Court of Massachusetts, * * * not to the United States District Court of the Northern District of New York, where neither the plaintiff nor the defendant resides, as that is not the proper district."

It is very plain that if the action is brought in' the state court it may be removed, but it can only be removed to the "proper district," which is the district where the action might have been brought by the plaintiff. The right of removal given by the. statute is not to be defeated by the act of the plaintiff in bringing the action in the state of New York. Mattison v. Boston & M. R. R., supra.

I fully concur in the reasoning and conclusion of the learned judge in his opinion in the case above cited.

When the petition and bond are filed in the state court the jurisdiction of that court ceases, and that of the court to which the cause has been removed attaches. State ex rel. v. Coosaw Min. Co. (C. C.) 45 Fed. 804; Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 82, 24 Sup. Ct. 30, 48 L. Ed. 103.

My opinion is that the defendant had the right to remove this cause, and that the removal to this district and court was a proper removal.

This cause is before the court on a motion to dismiss it for want of prosecution. At the time the motion was submitted and set down for hearing due notice of the same was ordered to be given the attorneys for the plaintiff. When the motion came on to be heard it appeared to the court that such notice had been received by said attorneys, and on their failure to appear at the hearing, thus indicating that they did not desire to contest said motion to dismiss, the same was duly granted.