## ST. JOHN v. TAINTOR.

(District Court, S. D. New York. February 10, 1915.)

REMOVAL OF CAUSES ☞14 — COURT TO WHICH CAUSE MAY BE REMOVED — "PROPER DISTRICT."

    Under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), authorizing the removal of suits pending in state courts to the District Court of the United States for the "proper district," and section 29, providing that the party desiring to remove such a suit may file a petition for the removal of such suit into the District Court to be held in the district where such suit is pending, a suit may only be removed to the District Court for the district where the suit is pending, section 29 identifying such district as the "proper district" within the meaning of section 28; and hence an action in the Montana state courts against a resident of New York could not be removed to the District Court for the Southern District of New York.

    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 35; Dec. Dig. ☞14.

    For other definitions, see Words and Phrases, Second Series, Proper District.]

At Law. Action by C. C. St. John against C. M. Taintor. On motion to remand to the state court. Motion granted.

George C. Holt and Henry M. Ward, both of New York City, for plaintiff.

O'Gorman, Battle & Vandiver, of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. The plaintiff, a citizen and resident of Wyoming, sued the defendant, a citizen and resident of New York, in the Montana state court. The cause was removed to United States District Court for the Southern District of New York, and the plaintiff now appears specially and moves to remand. The motion must be granted.

Section 29 of the Judicial Code is perfectly clear, and furnishes the only provision of law applicable to this case. It says that the party entitled to remove "any suit mentioned in the last preceding section"

shall file a petition "for the removal of such suit into the District Court to be held in the district where such suit is pending." These words indubitably specify the District Court where the suit is pending as "the proper district" referred to in the preceding section 28 of the Judicial Code.

The present statutes relating to removal of causes have been carried forward from sections 2 and 3 of the Judiciary Act of 1875, and from the later Judiciary Act of 1888. The act of 1875 was construed in the case of Knowlton v. Congress & Empire Spring Co., 13 Blatchf. 170, Fed. Cas. No. 7,902, and the act of 1888 in the case of Hyde v. Victoria Land Co. (C. C.) 125 Fed. 970. See, also, the language of the Supreme Court in Ex parte State Insurance Co., 18 Wall. 417, 21 L. Ed. 904. Judge Rose, in the case of St. John v. United States Fidelity & Guaranty Co. (D. C.) 213 Fed. 685, has decided the exact question under the present statute in accordance with the views which I have expressed.

The dictum of Judge Ray in Mattison v. Boston & Maine R. R. Co. (D. C.) 205 Fed. 821, and the decision of Judge Toulmin in Stewart v. Cybur Lumber Co. (D. C.) 211 Fed. 343, seem to me irreconcilable with the language of the statute, the former decisions under the acts of which the present law is a practical codification, and also with what I conceive to be the object of the law, namely, to enable a party sued by a citizen of another state to be relieved from local prejudices, which have been thought more likely to exist when the suit was brought against a party in the courts of the former's own state. It is to be noted that neither of these cases even mentions the express provisions of the statute that the removal is to be into the court "to be held in the district where such suit is pending."

It is not to be supposed that a citizen of Wyoming would encounter local prejudice in suing a citizen of New York in the courts of the state of Montana.