### LOCKPORT GLASS CO. v. H. L. DIXON CO.

(District Court, W. D. Pennsylvania. February 27, 1919.)

No. 2104.

REMOVAL OF CAUSES ⬥14—CAUSE CANNOT BE REMOVED INTO DISTRICT IN ANOTHER STATE.

Judicial Code, § 29 (Comp. St. § 1011), which alone prescribes procedure for removal of causes, made removable by section 28 (Comp. St. § 1010) "into the district court for the proper district," by providing that the petition shall be "for the removal of such suit into the District Court to be held in the district where such suit is pending," expresses the legislative meaning of the term "proper district," as used in section 28, and there is no authority for removal of a cause from a state court into a federal court of a district in a different state.

At Law. Action by the Lockport Glass Company against the H. L. Dixon Company. On motion to remand to state court. Granted.

George C. Lewis, of Lockport, N. Y. (Patterson, Crawford, Miller & Arensberg, of Pittsburgh, Pa., of counsel), for plaintiff.

Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., and Locke, Babcock, Spratt & Hallister, of Buffalo, N. Y., for defendant.

ORR, District Judge. This case comes before the court upon a motion to remand. The plaintiff is a corporation of the state of New

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Jersey. The defendant is a corporation of the state of Pennsylvania. The suit was brought in the Supreme Court of the state of New York, and upon the application of the defendant to that court the cause was removed to this court.

Plaintiff's motion to remand must prevail. While this court would have had jurisdiction, had the action been brought originally in this court, yet, inasmuch as the action was brought in the Supreme Court of the state of New York, this court has no jurisdiction by virtue of the proceedings whereby the case was removed here. The Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087) provides in chapter 3 for the removal of causes from the state courts to federal tribunals. The Code provides, not only for classes of cases wherein removal may be effected, but also provides the process for effecting removals. In section 28 (Comp. St. § 1010) the classes of cases (with some exceptions found in other provisions of the statutes) are set forth. In section 29 (Comp. St. § 1011) the process which must be followed is declared. In defining the classes, the statute provides that suits within such classes "may be removed by the defendant or defendants therein to the District Court of the United States for the proper district."

The words "proper district" have given rise to a diversity of opinion. Some cases have held that they mean any district of the United States in which the action could have been brought originally, and that therefore a removal from a state court to a District Court situate in another state can be had, because the suit could have been brought in the latter. The unreasonableness of such a construction must appear in the light of the application of such construction to extreme cases. Suppose a citizen of New Jersey has been aggrieved by a citizen of California, and immediately thereafter brings his action of tort in the state court of New York, where the offense was committed, and parties and witnesses are there to be conveniently found. The defendant, under such a construction of the words "proper district," would be entitled to have the cause removed to the District Court of the United States for the Southern District of California, if he were a citizen of Los Angeles. Again, if proceedings were instituted by a citizen of New Jersey in a state court of Pennsylvania, and immediately there was an attachment of personal property, the defendant and owner of the property, if he were a citizen of the Southern district of California, might remove the action to that district. Such cases, however, cannot arise if there is kept in mind the fact that the words "proper district" are only in the provisions of the statute which determine the classes of cases which may be removed.

When an examination of section 29 of the Judicial Code is made, we find the procedure for the removal of causes set forth in detail, and such procedure must be followed in every case of every class for the removal of which section 28 has provided, and those requirements show what is meant in the statute by the words "proper district." The petition must be presented by the defendant to the state court in the suit therein pending, within a time limited by the law governing such court for filing an answer or plea, and such petition must be, in the language of the act, "for the removal of such suit into the District Court to

be held in the district where such suit is pending." In that language is found the expression of the legislative mind that the "proper district" of section 28 is the district in which such suit is pending. A suit pending in the state court of New York, or a suit pending in the state court of Pennsylvania, cannot be held to be pending in the Southern district of California. The present action was pending in the state of New York at the time the petition for removal was filed. In no way can it be deemed to have been pending in the Western district of Pennsylvania.

The distinction has not always been maintained, in the decisions upon the sections of the Judicial Code just referred to, between what may be the "proper district" in which the plaintiff might have brought his action and the "proper district" for the removal of the action already brought. This is apparent when we consider that Congress has never repealed the Conformity Statute (section 914 of the Revised Statutes [Comp. St. § 1537]), requiring practice, pleadings, forms, and modes of proceeding in civil causes, other than equity and admiralty causes, to conform, as near as may be, to the practice, pleadings, forms, and mode of proceeding existing at the time in like causes in courts of record of the state within which such Circuit or District Courts are held.

It is not difficult to conceive of the existence in different states of a different practice, of different forms of pleading, and different modes of proceeding. If a suit should be removed from one state to a District court of a district in another state, the practice, pleadings, forms, and modes of procedure adopted by the plaintiff before removal might not be in conformity with those of the state in which the District Court to which the removal is had performed its judicial functions. Again, referring to the procedure for removal as found only in section 29 aforesaid, we find that the certified copy of the record shall be entered in the District Court within 30 days, and "the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

It would not be of special value to review all the authorities bearing upon the question now before the court. A very valuable opinion upon the subject of removal of causes is that of Judge Rellstab, of the District Court of New Jersey, in Ostrom v. Edison, 244 Fed. 228. In that opinion the majority of the cases are considered, and proper consideration given to the meaning of the words "proper district." As is well emphasized in that opinion, the real question is the determination of legislative intent.

Section 53 of the Judicial Code (Comp. St. § 1035), contained in chapter 4, under the heading "District Courts—Miscellaneous Provisions," is helpful in ascertaining the legislative intent with respect to removals. The last part of that section is as follows:

"In all cases of the removal of suits from the courts of a state to the District Court of the United States such removal shall be to the United States District Court in the division in which the county is situated from which the

removal is made; and the time within which the removal shall be perfected, in so far as it refers to or is regulated by the terms of United States courts, shall be deemed to refer to the terms of the United States District Court in such division."

Section 53, in which that language is found, relates to districts containing more than one division, but may be helpful in arriving at the solution of the question in this case, although there is but one division in this district. In the report of the special joint committee on revision and codification of the laws of the United States upon the Senate bill to codify, revise, and amend the laws relating to the judiciary, which resulted in the passage of the Judicial Code, it is pointed out by the committee that section 53 is intended to embrace a great many acts creating or changing judicial districts or divisions thereof, and those acts are severally set forth in connection with the respective states.

Examining those acts we find that there was an act passed August 8, 1888 (25 Stat. 388, c. 789), entitled "An act to subdivide the Western judicial district of Louisiana." Section 7 of that act provides:

"That causes removed from any court of the state of Louisiana into the Circuit Court of the United States within said Western district shall be removed to the Circuit Court in the division in which such state court is held."

The same language is found in "An act to subdivide the Eastern judicial district of Louisiana," etc., passed August 13, 1888. 25 Stat. 438, c. 869. Again, in an act passed April 26, 1890 (26 Stat. 72, c. 167), entitled "An act providing the terms and places of holding the courts of the United States in the district of Minnesota, and for other purposes," there is found this provision:

"That causes removed from any court in the state of Minnesota into the Circuit Court shall be removed to the Circuit Court in the division in which said state court is held."

It is significant that Congress, while enacting many statutes containing provisions relating to removal of causes from one court to another in the same state, neglected to provide expressly for such removal to the courts in other states. Such legislation was about the time and after Act Aug. 13, 1888, c. 866, 25 Stat. 433, entitled:

"An act to correct the enrollment of an act approved March third, eighteen hundred and eighty-seven, entitled 'An act to amend sections one, two, three and ten of an act to determine the jurisdiction of the Circuit Courts of the United States, and to regulate the removal of causes from the state courts, and for other purposes, approved March third, eighteen hundred and seventy-five.' "

The act last mentioned was the act before the Supreme Court in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, from which case appears to have sprung the diversity of opinion with respect to the construction of sections 28 and 29 of the Judicial Code.

There does not seem to be sufficient grounds for assuming that Congress impliedly extended the judicial power of the United States to permit of a removal of an action in a state court, by the defendant, into a federal court of a district in a different state. Until there is some express enactment by Congress, a case so removed should be remanded.

Therefore the motion to remand in this case must be granted.