## FAIRVIEW FLUORSPAR & LEAD CO. v. BETHLEHEM STEEL CO.

(District Court, E. D. Pennsylvania. June 16, 1919.)

No. 6048.

1. REMOVAL OF CAUSES ⊙⇒1—DEFENDANT'S RIGHT TO REMOVAL—ACTS OF CON-
GRESS—JURISDICTION OF FEDERAL DISTRICT COURT.

Right of defendant in an action begun in state court to have the cause
removed to the federal court, depends on some act of Congress.

2. COURTS ⊙⇒274—FEDERAL COURTS—JURISDICTION—CITIZENS OF DIFFERENT
STATES.

Where plaintiff corporation is a resident of the Eastern district of
Illinois, and defendant of the Eastern district of Pennsylvania, the action
could have been brought only in the United States District Courts of such
districts, unless the defendant waived its privilege.

3. REMOVAL OF CAUSES ⊙⇒14—DIVERSITY OF CITIZENSHIP—ACTION BROUGHT
IN A STATE WHERE NEITHER WAS RESIDENT.

Where a resident of one state had a cause of action against a resident
of another state, and brought the action in a court of a third state by
property attachment, the nonresident defendant could not secure removal
under Judicial Code, § 28 (Comp. St. § 1010), to the federal court of the
residence district of either the plaintiff or the defendant, which alone
had jurisdiction, since section 29 (section 1011) requires the removal to
be to a federal court sitting in the same state as that of the state court,
which federal court is without jurisdiction.

At Law. Action by the Fairview Fluorspar & Lead Company, a
corporation domiciled in Illinois, begun by attachment in the circuit
court of the city of St. Louis, Mo., against the Bethlehem Steel Com-
pany, a corporation domiciled in Philadelphia, removed to the Unit-
ed States District Court of the Eastern District of Pennsylvania. On
motion to remand. Motion allowed.

J. M. Blayney, Jr., and Walter H. Saunders, both of St. Louis, Mo.,
and Jos. S. Clark, of Philadelphia, Pa., for plaintiff.

Ralph B. Evans, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The very point in controversy in
this case has been ruled in adjudged cases, the number of which is so
large as to forbid even citation. We are unable, however, to follow
these rulings as our guide, inasmuch as they lead, some of them in
one direction, and others in the opposite. The larger number sup-
port the contention of the plaintiff, but the number which support the
defendant is so respectable that the majority cannot be found to have
the weight of authority. We must in consequence perforce align our-
selves with those with whose views we find ourselves in accord. Os-
strom v. Edison (D. C.) 244 Fed. 228 (Judge Rellstab), and Park
Square v. American (D. C.) 222 Fed. 979 (Judge Ray), may be cited
as representative of these opposing views. All the practical purposes
of a ruling might be met by the simple announcement of our adher-
ence to the one line of cases or the other.

It is, however, the due of the very capable counsel, who have argued
the question with helpful thoroughness and fullness, that the reasons

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

should be stated which lead to the conclusion reached, and the discussion may, in some degree, lighten the labors of the court which alone can pronounce judgment with an authoritative voice. The whole field of discussion has been so fully covered by the opinions already rendered, and all phases of the question presented so fully considered, that we enter upon the field with no hope of adding anything of value to the discussion.

The plaintiff is a resident of Illinois, and the defendant of Pennsylvania, but the suit was brought in the circuit court of St. Louis, a state court of Missouri. The process was by writ of foreign attachment, served upon residents of the latter state, who were summoned as garnishees. The defendant applied for a removal to this court, in which the state court acquiesced by transmitting a copy of the record. The plaintiff then moved to remand. This is based upon the proposition that this court is without authority or jurisdiction to adjudge the case, because the cause was not removable to this court, and incidentally is or may not be removable at all.

This statement presents the question for decision. We have confined it to the sole question of jurisdiction or removability, for the reason that sometimes there is a difference in the attitude of the federal courts, born of the fact of whether the state court retains or relinquishes jurisdiction. The state court here is not asserting jurisdiction, but the distinction is of no importance.

[1] In order to have a beginning, we start with the proposition that the plaintiff, having a cause of action, had the right to bring the suit in any state court which had jurisdiction of the subject-matter and of the parties. The Missouri court has such jurisdiction, and no question is raised but that the action was there properly brought. The defendant, however, has no right to have the cause removed unless the right is given it by some act of Congress, and no right to have the cause removed to this court unless it is a court designated by the act of Congress for this purpose. If the plaintiff, instead of choosing to bring its action in the Missouri court, wished to bring it in a court of the United States, it could not do so unless it was given this right by the Constitution and laws of the United States, and the suit, if brought, must be brought in that court which was designated by some act of Congress as a court in which the action might be brought.

The question of the court in which such an action was required to be brought is of importance, as will hereafter appear, in the present inquiry, and might as well be faced now. The judicial power is vested by the Constitution in the Supreme Court and in such inferior courts as Congress may ordain and establish. Congress has established the present system of District Courts, and has defined their powers and jurisdiction. They have such powers as are thus conferred upon them and no more. The Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087), following the provisions of the Constitution, gives to the District Courts jurisdiction in cases arising under the Constitution and laws of the United States, etc., and, along with other controversies, some of those between citizens of different states.

It is admitted that the instant case was one within the grant of this general jurisdiction, but on the sole ground of diversity of citizenship.

[2] This brings us to the question of by what court this jurisdiction could be asserted. One provision of the Code makes the defendant in an action in a District Court suable only in the territorial jurisdiction of which he was a resident. Another section, however, makes him suable in the home jurisdiction of either the plaintiff or defendant. The present case might, under this section (as is conceded), have been brought in the Eastern district of Illinois or the like district of Pennsylvania. We think it further follows (although this is not admitted) that, unless the defendant waived its privilege, the suit could have been brought in no other district. At all events, we have so concluded, for the reasons later stated. The conclusion reached is now stated by way of anticipation.

[3] Resuming the following of the line of thought which we interrupted in order to find in what court the action might have been brought, if it had been originally begun in a court of the United States, we come next to the question of the removal of actions begun in the state courts. We have the principle, before stated, that there is no right of removal except as conferred by some act of Congress, and that the right, if granted, must be asserted and exercised in the mode and manner indicated by Congress. It is also clear that there is neither a logical nor any practical necessity to permit a cause to be removed to a court of the United States merely because it might have been brought there in the first instance. Of course, it is true that, in order to remove a cause to a court, that court must be given jurisdiction to try it, and because of the conformity and other like statutes, later referred to, there is a very great practical convenience in having the United States court, to which a cause is removed, be a court sitting in the same state as that of the state court in which the action was first brought.

We may here again pause to refer to these statutes, as they have some bearing upon the question before us. In giving to the District Courts jurisdiction to try certain cases (for instance, those between private parties who were citizens of different states), Congress had in mind that the state courts would, at the same time, be trying other like cases, and it was, of course, of practical importance that the same law be administered, and that so far as practicable the cases be tried in the same general way. Out of this consideration grew the conformity statutes, and the power given the United States courts to assimilate execution and other like process to that of the state courts. Aside from considerations of the kind referred to, there need be no relation between the right to sue in and the right to remove a suit to a court of the United States.

Congress, by the twenty-eighth section of the Judicial Code (Comp. St. § 1010), granted the right to remove actions from the state courts, limiting the right, however, to nonresident defendants, and requiring that the court to which the action was removed should be a court in which it might originally have been brought.

Applying the provisions of the acts of Congress (so far as we have

thus far quoted them) to the present fact situation, we have this result. The defendant, being a nonresident of Missouri, was within the verbiage of the grant of the right of removal; but the cause must be removed to either the Illinois or this district, because the action must have been brought in one of these courts, if brought in a United States court. The twenty-ninth section of the act (Comp. St. § 1011), however, provides that the removal must be to a court sitting in the same state as that of the state court.

The draftsman of the act neither intended nor had in mind a conflict of definition in the designation of the proper court by the twenty-eighth and twenty-ninth sections, respectively. The twenty-eighth section indicates the proper court to be that court of the United States in which the action, if first brought in a court of the United States, would have been brought. Under the facts of the case before us, this would have been the District Court for the Eastern District of Illinois or this court, because the action might have been brought by the plaintiff in either. Had the action been brought in a state court of the domicile of the plaintiff, no difficulty in determining the proper federal court to which it was removable would have been encountered. The twenty-eighth section would permit the cause to be removed to the home court of the plaintiff. The twenty-ninth section would require the cause to be removed to the same court.

There would have been no conflict between the two sections, because the proper court of the one would have been the proper court of the other. It may have been, and perhaps was, true that the present situation was not anticipated, because it did not occur to any one that, although the action, if brought in a federal court, must be brought either in the Illinois court or this court, if it was brought in a state court, it might be brought in Missouri, the residence neither of the plaintiff nor of the defendant.

This latter fact situation presents the dilemma that, if the cause is removed, we cannot obey the command of the twenty-eighth section without disobeying that of the twenty-ninth. The question presented is, What are we to do? In the first place, we cannot assume Congress did not have in contemplation all possible fact situations. We must conclude that it legislated this very case. What, then, was its will? We find this from what it has done. It has provided for the bringing of actions in the federal courts and designated the court in which suits may be brought. It has provided for the removal of causes from the state courts, and designated the courts to which such causes may be removed. There is, as before stated, no logical necessity to designate the same courts. There is a very great practical convenience, if not necessity, in having them the same. There is, however, neither logical necessity for nor practical convenience in the requirement that every case which may be brought in a federal court should be removable from a state court, if suit is instituted there. Take the fact situation here presented. A resident of one state has a cause of action against a resident of another state and desires to bring an action therefor in still a third state. If the suit be brought in a federal court, it must be brought in the first or second state (unless in excepted cases

or defendant waives his privilege), because Congress has made no provision for bringing it in the third state. It may, however, be brought in a state court of any one of the three states, provided only that process, either in personam or in rem, can be there served. If the action is so brought, and the defendant wishes to have it tried in a federal court, he has, as before observed, no rights in the premises beyond those which the acts of Congress on the subject of the removal of actions give him. Congress may limit them as it deems proper. We know that it has limited them, because, if the action is brought in a state court of the first state, the action can be removed; if it is brought in the second state, it cannot. The reason for making this difference is obvious.

What has Congress provided, however, in case the action is brought in the third state? If the answer is that Congress has made no provision for a case of this kind, the action cannot be removed. It may be observed that the same reason for denying the right of removal exists as in the other case, and the provision that a defendant, sued in a state of which he is a nonresident, is the only defendant who, in any case, has the right to remove, is not necessarily in conflict with this construction.

If this be the proper construction of the acts of Congress, and the effect of the legislation on the subject, no difficulties are encountered either in harmonizing the different provisions of any of the legislation on the subject of conferring jurisdiction or the subject of removals, nor in regulating the practice under either, and all the legislation is consistent. The accomplishment of this desired result is a recognized canon in the construction of statutes. This means the granting of the motion to remand. Why should not this construction be adopted? The answer made (and it is the only answer which could be made) is that the adjudged cases have ruled otherwise.

This takes us to the cases on the subject. It is perhaps proper to state that the above conclusion was suggested by a pure view of the acts of Congress, and independently reached without the aid of the reasoning of the reported cases. Let us see how far the result reached is in accord with the decided cases, and confirmed or corrected by them.

The case upon which much attention is fastened is that of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264. As the inquiry is what this case decides, the facts of the case are of prime importance. It is a coincidence that Wisner, a resident citizen of Michigan, brought an action in the same Missouri court in which the present action was brought. The defendant was a citizen and resident of Louisiana. The process was by writ of attachment, but whether this means what is known to the practice in Pennsylvania as foreign attachment (which we understand the instant case to be), or simply in personam process, with a clause of attachment, such as is the practice in some states, we do not know, nor does the difference seem to be of importance.

The defendant filed a petition for removal to the United States court in the Missouri district. The application was based upon the

fact of diversity of citizenship. The state court surrendered jurisdiction, and the plaintiff moved to remand, basing his application in turn upon the proposition that the United States court did not have jurisdiction. This was because the action could not in the first instance be there brought. The ruling made was that the cause should be remanded. The ground of the ruling was that the United States court had no jurisdiction to adjudge the cause, for the reason above stated. This ruling, then, is decisive of the proposition that the United States court for the Missouri district cannot try the case before us, because of the provisions of the twenty-eighth section and those of the Judicial Code requiring actions brought in a United States court to be brought in the home court either of the plaintiff or defendant. It does not touch the specific question before us of whether, under the twenty-ninth section, the cause may be removed to the court of this the home district of the defendant.

What follows from the Wisner ruling, however, is that the case must go to either the Illinois court or this court, if to any, and (as these courts are on the same footing), if this court has no jurisdiction of it, there is no right of removal. The logic asked to be applied is that if the twenty-eighth section forbids the Missouri district United States court from asserting jurisdiction, by the same token the twenty-ninth section forbids any other United States court to do so.

It is true this results in a denial of the right of removal, but this is no more an obstacle in the way of reaching the indicated conclusion than would be the like denial if the action had been brought in a state court of Pennsylvania. Indeed, the right to remove is withheld in each case on the like ground, that no right to remove is given in cases in which the plaintiff secures no advantage in his choice of the forum.

Some question was raised at the argument (although not discussed in the briefs submitted) of whether the ruling made in the Wisner Case has been since modified by the Supreme Court. The only cases in which the Wisner Case has since been under consideration (beyond its mere citation), so as to be said to have been distinguished, followed, or dissented from, are In re Moore, 209 U. S. 490, 28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, and In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873.

In the Moore Case, in the majority opinion at page 495 of 209 U. S. (28 Sup. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164), and the dissenting opinion at page 512, the Wisner Case is distinguished from the Moore Case on the ground of the absence in the one and presence in the other of the fact element of waiver of the privilege of being sued in the home district of one of the parties to the suit. The authority of the Wisner Case is left clearly unimpaired upon the proposition that an objecting defendant cannot be sued in a United States court in a third district foreign to that of the plaintiff and defendant alike. The Wisner Case holds that he cannot be so sued when he has not waived his privilege, nor submitted himself by consent to the jurisdiction of the court of a third district. The Moore Case deals with cases in which there has been such waiver or consent.

The Winn Case was a removal case. The action was brought in a state court of Iowa. The home jurisdiction of the plaintiff was averred by the petition for removal to be Missouri, and the defendant was averred to be a New York joint-stock association. The cause was removed to the United States court for the Iowa district; the state court not asserting further jurisdiction. The United States court refused a motion to remand, and a petition was filed for a mandamus. The court found the defendant to be, not a corporation, but a limited partnership, the residence of whose members did not appear, and that in consequence diversity of citizenship could not be found.

It was the further fact that the removal was not based upon diversity of citizenship, but upon the ground that the suit was one arising under the laws of the United States. The court held, however, that the cause of action (as disclosed by the statement of claim) was not one based upon the laws of the United States. If those laws were involved, they came in as a basis of the defense. The court reached the final conclusion that the cause was one which could not have been brought, in the first instance, in a court of the United States, and, as a consequence, could not be removed thereto. The Wisner Case figured in the reasoning of the court as authority for the proposition involved in the final conclusion stated (203 U. S. 464, 27 Sup. Ct. 150, 51 L. Ed. 264), and in the comment made in the opinion (203 U. S. 469, 27 Sup. Ct. 150, 51 L. Ed. 264) that the Wisner Case was left untouched otherwise than as authority for the proposition that the right to set up want of jurisdiction in a particular district could under no circumstances be waived. The case must be accepted as an authority confirming the conclusion that the instant case could not have been removed to the United States court for the Missouri district.

The situation before us presents a command that we accept the two propositions, one that this cause, if first brought in a United States court, could not have been brought in the Missouri district, and the other (as diversity of citizenship is present) that it could have been brought in this district. A third proposition would seem to follow (as the Illinois district and this district are on the same footing) that, if it cannot be removed to this district, the cause is not removable at all.

The argument supporting the jurisdiction of this district is that by the twenty-eighth section of the Judicial Code diversity of citizenship confers the right of removal upon the defendant, if he be a nonresident of the state in which he is sued, provided only the cause be removed to a court in which he might have been sued in the first instance. There is here such diversity of citizenship; this defendant has been sued in the state of Missouri, of which defendant is a nonresident, and the suit might have been here brought. Why, then, may not the cause be removed to this court? The only answer to be made is that section 29 provides that the cause, if removed, must be removed to the court of the Missouri district, and this is open to the retort that, as that court has no jurisdiction, to give this effect to the twenty-ninth section is to deny the right of removal given by the twenty-eighth. The soundness of the proposition involved in the retort must be conceded, and the

result accepted. The acceptance of it has support in these (among other) considerations:

1. There is no right of removal, unless it is given by statute, and section 28, which gives, and section 29, which denies, may be read together as meaning in effect that there is no right of removal, unless the plaintiff be a resident of the state in which the suit is brought.

2. The denial is consistent with the withholding of the right, unless the defendant be a nonresident of the state in which suit is brought.

3. It is consistent with the conformity statutes.

4. The ab inconvenienti argument supports it.

5. It has support in that such a finding is in accord with the conclusions reached in a number of cases ruled by other District Courts.

This already overlong opinion leaves no room even for a tabulation of the supporting and opposing opinions. They are so numerous that they must be left to the capable hands of counsel.

As Park v. American (D. C.) 222 Fed. 979, went to the Supreme Court, a word of comment may be helpful. The District Court refused to remand, and a petition for a mandamus was filed. This the Supreme Court refused on other grounds, without expressing any opinion upon the point before us. We do not feel at liberty to assume that, although no opinion was expressed, an intimation was given counsel for their guidance, both in the choice of expressions made use of by the court and by the circumstance that, when the case was previously up on a writ of error (which could not be entertained, because the judgment was not a final one), the court allowed a rule to show cause why a writ of mandamus should not issue.

The motion to remand is allowed.