HENRY L. DOHERTY et als. *vs.* JESSE C. MCDOWELL.

Kennebec.    Opinion October 22, 1921.

*Removal of cases from State Courts to Federal Courts.    State Courts inquire and in the first instance determine whether upon the facts as shown by the petition and other pleadings a case has been made out requiring removal as prayed for. The term "proper district" as used in Section 28 of the United States Judicial Code means the district within the territorial limits of which the action is pending in the State Court.    A case cannot by reason of diversity of citizenship of the parties be removed to a District Court in a district other than that in the territorial limits of which the suit is pending in the State Court.*

Facts properly set forth in a petition for removal are assumed by State Courts to be true.    Issues of fact arising out of such petitions are triable in the Federal Courts.

But State Courts inquire and in the first instance determine whether upon the facts as shown by the petition and other pleadings a case has been made out requiring removal as prayed for.

The term "proper district" as used in Section 28 of the United States Judicial Code means the district within the territorial limits of which the action is pending in the State Court.

A case cannot by reason of diversity of citizenship of the parties be removed to a District Court in a district other than that in the territorial limits of which the suit is pending in the State Court.

The petition sets forth the citizenship and residence of the plaintiff to be in New York and of the defendant in Pennsylvania.    On the ground of diversity of citizenship alone it prays for the removal of the cause from the Supreme Judicial Court for Kennebec County, Maine, to the United States District Court for the Western District of Pennsylvania.

*Held:*

Not maintainable.

On exceptions by defendant.    This is an action of assumpsit brought by plaintiffs against defendant in the Supreme Judicial

Court within and for the County of Kennebec and State of Maine, to recover from defendant $250,000, the plaintiffs being residents of the State of New York and the defendant being a resident of Pennsylvania. On the return day defendant filed a petition and bond for the purpose of obtaining a removal of the suit to the United States District Court for the Western District of Pennsylvania, in which district defendant resided. The Justice presiding denied the application for removal, and to this ruling defendant excepted. Exceptions overruled.

Case is stated in the opinion.

*Verrill, Hale, Booth & Ives, and Norman L. Bassett,* for plaintiff.

*Thomas L. Talbot,* for defendant.

SITTING: CORNISH, C. J., SPEAR, DUNN, MORRILL, DEASY, JJ.

DEASY, J. The defendant has filed a petition for removal of this case to the Federal Court. No reason for removal is claimed other than diversity of citizenship.

The petition sets forth that "your petitioner at the time of the commencement of the above suit was and still is a citizen of the State of Pennsylvania and a resident of the Western District thereof," and that "the above named plaintiffs at the time of the commencement of the above suit were and still are citizens of the State of New York and residents of the Southern District thereof."

The petitioner thereupon prays for removal of the case to the District Court for the Western District of Pennsylvania being the district wherein the defendant is a citizen and resident. The presiding Justice refused to order the removal. The case comes to this court on exceptions.

Facts properly set forth in a petition for removal are assumed by State Courts to be true. Issues of fact arising out of such petitions are triable in the Federal Courts. *C. & O. R. Co.* v. *Cockrell U. S. S. C.,* 58 L. Ed., 544; *Craven* v. *Turner,* 82 Maine, 383. But State Courts inquire and in the first instance determine whether upon the facts as shown by the petition and other pleadings a case has been made out requiring removal as prayed for. *Craven* v. *Turner,* supra.

In the instant case there is no issue of fact. A question of law is presented which may be stated thus: Where the plaintiff and defendant are residents of different States, neither being a citizen or

resident of Maine, may the defendant have a case removed from the Supreme Judicial Court in this State to the United States District Court for the district in which he resides?

The right of removal is given by Section 28 of the United States Judicial Code (U. S. Comp. Stat. Sec. 1010) which so far as pertains to removal by reason of diversity of citizenship is as follows:—

"Any other suit of a civil nature at law, or in equity, of which the District Courts of the United States are given jurisdiction by this title and which are now pending, or which may hereafter be brought in any state court may be removed into the District Court of the United States, for the proper district, by the defendant or defendants therein, being non-residents of that State."

The question involved is the meaning of the term "proper district" as used in the above section of the statute.

The defendant contends that the district where the defendant resides is the proper district. The contention of the defendant is supported by dictum or opinion in the following cases:

*Mattison* v. *B. & M. Railway*, 205 Fed., 821; *Stewart* v. *Cybur Lumber Co.*, 211 Fed., 343; *Park Square &c.* v. *Locomotive Co.*, 222 Fed., 979.

But a study of the history of the legislation on the subject, a comparison of Section 28 with other sections of the statute and an examination of authorities all point unmistakeably to the conclusion that the term "proper district" means the district within which the action is pending in the State Court.

The original enactment of 1789 provides for the removal of causes "into the next Circuit Court to be held in the district where the suit is pending." The language of the revision of 1875 is similar. The present judicial code was enacted in 1887. Section 28 above quoted provides for the removal of causes "into the District Court of the United States for the proper district."

It is fair to presume that Congress in using the term "proper district" intended the district which was at the time of the enactment, and which had been for about a hundred years the proper district. If so radical a change as is claimed had been intended it would have been made expressly and not left to inference. Section 28 does not define the term "proper district." Section 29, however, (U. S. Comp. Stat. Sec. 1011) which provides the machinery for removal authorizes a party to "make and file a petition  .  .  .  .

for the removal of such suit into the district court to be held in the district where such suit is pending;" and Section 53 (U. S. Comp. Stat. Sec. 1035) providing for cases where as in Maine a district has two or more divisions says "such removal shall be to the United States District Court in the division in which the County is situated from which the removal is made."

Moreover the great weight of judicial authority is to the effect that a case cannot by reason of diversity of citizenship of the parties be removed to a District Court in a district other than that in the territorial limits of which the suit is pending in the State Court.

From a decision by the U. S. Circuit Court for the Western District of Pennsylvania the same district to which the defendant seeks to have this case removed, we quote the following:

"There does not seem to be sufficient grounds for assuming that Congress impliedly extended the judicial power of the United States to permit of a removal of an action in a state court, by the defendant, into a federal court of a district in a different state. Until there is some express enactment by Congress, a case so removed should be remanded."

*Lockport Glass Co.* v. *H. L. Dixon Co.*, 262 Fed., 976.

See also to same effect: *Murdock* v. *Martin*, 178 Fed., 307; *St. John* v. *U. S. Fidelity and Guaranty Co.*, 213 Fed., 685; *St. John* v. *Taintor*, 220 Fed., 457; *Eddy* v. *C. & N. W. Railway Co.*, 226 Fed., 120; *Ostrom* v. *Edison*, 244 Fed., 228; *Thomas* v. *Delta L. & W. Co.*, 258 Fed., 758; *Fairview &c. Co.* v. *Steel Co.*, 258 Fed., 681; *Kansas Gas etc. Co.* v. *Wichita Co.*, 266 Fed., 614.

The plaintiff contends that where as in this case neither party is a citizen or resident of the district where the suit in the State Court is pending, no removal can be had to any District Court unless for some reason other than diversity of citizenship. Our determination that the suit is not removable to the District Court in Pennsylvania is decisive of the case. It is unnecessary to pass upon the further question.

*Exceptions overruled.*